[Crim. No. 34661. Second Dist., Div. Five. Oct. 18, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY ISADOR De ANGELIS, Defendant and Appellant.

**COUNSEL**

Paul Caruso for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—Defendant was charged with mayhem in violation of Penal Code section 203 (count I); two counts of assault by means of force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a), (counts II and III); two counts of battery in violation of Penal Code section 242 (counts IV and V). A motion to sever the counts for trial was denied. Following jury trial, defendant was found guilty as charged in counts I, III, IV and V, and guilty of a lesser included offense, assault, in violation of Penal Code section 240 in count II.

Counts I and II relate to person, David A. Davies.

The facts are that Davies commenced drinking beer and smoking marijuana; i.e.; he split a six-pack and smoked two "joints" with two friends between 1:30 and 3 p.m. He then went to his residence, arriving around 4:30 and after dinner met another friend, Jeff Stone, around 8 o'clock. Davies and Stone left Davies' house around 9 o'clock and then visited Calvin Tanaka's house. While at Tanaka's house the persons present indulged in two mixed drinks. The testimony was that at 10:30 Davies was not intoxicated. At that time, Davies, Stone, and Christopher Bingham went in one car, and Tanaka and Phil Bettanour in another to Marquis West, an adult nightclub.[1] Davies, when talking to two girls in the nightclub parking lot, was assaulted by defendant. During the ensuing altercation, Davies had a portion of his ear bitten off.[2] Bouncers from the club broke up the fight and told Davies to leave. Davies proceeded to kick defendant a couple of times as he was on the ground, then left. Davies had an emergency operation to replace the detached portion of his ear.

On the same night and at the same club, Neiro Quintinella and Steven Joe Harris encountered defendant inside the club. Neiro was first struck in the face and later kicked in the leg by defendant. Neiro and Steven commenced to leave and when outside the club they were attacked by someone.[3] The assaults were made by defendant who was described by Neiro as about five feet seven inches to five feet eight inches with blondish brown hair and identified by a photograph and as being "the

---

[1] No liquor is permitted or sold at this club.

[2] The initial assault and the biting of the ear resulted in counts I and II.

[3] The striking and then the assaults constituted counts III, IV, and V.

same guy" who did the initial striking inside the club. Steven identified defendant as his attacker at the trial during an Evidence Code section 402 hearing but gave no description immediately following the attack. (He was hospitalized 28 days due to nerve and back injuries.)

Defendant testified that he was chided into the fight with Davies, was not the attacker, and sought to get Davies to stop the fighting. The biting occurred when he thought he was being choked to death. After the fight he went to a hospital for attention.

As to the initial altercation with Neiro, he claimed he was merely talking to a bouncer when beer was spilled on him. The bouncer had defendant sit down and told the other person to leave; defendant didn't see that person again that evening.

Defendant admitted returning to the club after his hospital treatment but was sent away by security guards.

A Dennis Jimmerson testified defendant tried to get him to alibi for defendant and offered him money. Defendant denied this.

■ The first issue is whether denial of the motion to sever the various counts was error. We determine that it was not.

The code authorizes joinder of counts (Pen. Code, § 954).[4] All of the events charged occurred on the same day, area, and within a short span of time. The attacks were upon three different persons and were unprovoked upon strangers.

"Joinder of different offenses is permissible 'even though they do not relate to the same transaction or event, if there is a common element of substantial importance in their commission, for the joinder prevents *repetition* of evidence and saves time and expense to the state as well as to the defendant.' " (*Walker* v. *Superior Court* (1974) 37 Cal.App.3d 938, 941 [112 Cal.Rptr. 767]; citations omitted; italics in original.)

■ The contention of violation of due process by admitting in-court identification after a photo identification was made is without merit.

---

[4]Section 954 of the Penal Code reads: "An accusatory pleading may charge two or more different offenses connected together in their commission . . . or two or more different offenses of the same class of crimes or offenses, under separate counts . . . ."

The evidence established that the only photo of defendant with short hair was in color. To keep this from being objectionable, it was reproduced in black and white. The increased depth of shading and sharpness of detail is insufficient to show error; likewise, the contention of "strategically" placing defendant's photo toward the center of the display fails of merit. No matter where placed, a like complaint could be made; unfortunately for defendant his picture looked like him and this is not recognized as prejudicial.

The failure of two of the complaining witnesses to give physical descriptions of their attacker merely goes to the weight of their ultimate identification. (See *People* v. *Castellano* (1978) 79 Cal.App.3d 844, 851 [145 Cal.Rptr. 264], *People* v. *Lewis* (1977) 75 Cal.App.3d 513, 519 [142 Cal.Rptr. 218], and *People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 181 [114 Cal.Rptr. 815].)[5]

■ There is merit to the contention that the court erred in finding both mayhem and assault and sentencing on both. An assault is necessarily included in mayhem where the assault is a continuing event and the mayhem results during the course thereof. The lesser merges into the major. (*People* v. *Greer* (1947) 30 Cal.2d 589, 598 [184 P.2d 512].) It is necessary to reverse the conviction on count II involving the lesser offense charged upon Davies. (*People* v. *Greer, supra,* p. 599.)

Defendant's final contention attacks the sufficiency of evidence to support the convictions of assault with force likely to produce great bodily injury and battery.[6] The contention centers around the identification, or lack thereof, of defendant by the victims. As we read the record, the attack is on the weight of evidence and not on its sufficiency once trial identification is admitted. The record supports the convictions. (*People* v. *Farris* (1977) 66 Cal.App.3d 376, 383-384 [136 Cal.Rptr. 45].)

As to count II the judgment is reversed; in all other respects the judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

---

[5]We have reviewed all of the cases relied upon by defendant and find they are either not in point or compel no different conclusion.

[6]There is no issue as to the sufficiency of the initial battery by defendant on Neiro early in the evening inside the club.