[No. A029448. First Dist., Div. Three. Nov. 21, 1985.]

In re RONNIE N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RONNIE N., Defendant and Appellant.

**COUNSEL**

Donna E. Straff, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—On June 9, 1984, while walking to a bus stop with a friend, Erica McCoy was shot in the mouth with a B-B gun. Two of the victim's teeth were chipped in half. Appellant, Ronnie N., was identified as the assailant. A petition was filed on July 23, 1984, in the Alameda County Superior Court, sitting as a juvenile court. The petition alleged that appellant came within the provisions of the Welfare and Institutions Code section 602 in that he violated (count I) Penal Code section 245, subdivision (a)(1) (assault with a deadly weapon or with force likely to produce great bodily

injury), and (count II) Penal Code section 243, subdivision (d) (battery causing serious bodily injury).

On October 16, 1984, a hearing was held and both allegations of the petition were found true. Disposition of count II was stayed pending the completion of the sentence on count I.

On October 22, 1984, appellant appealed to this court on the ground that he could not be convicted of both offenses, arguing that felony assault is a lesser included offense of felony battery. For reasons we state below, we affirm the findings of the juvenile court.

*Argument*

The issue in this case is whether a criminal defendant may be convicted of both assault with a deadly weapon, or with force likely to produce great bodily injury, *and,* battery which causes serious bodily injury, for a single continuous act.

It is helpful to review the background of the offenses involved before analyzing appellant's contentions and applying the relevant legal principles. In 1872, the California Legislature enacted Penal Code sections 240, 242, and 245. Penal Code section 240 defines assault, it states: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Penal Code section 242 defines battery, it states: "A battery is any willful and unlawful use of force or violence upon the person of another." These two offenses are misdemeanors, an assault being punishable by a fine not exceeding $1,000 or by imprisonment in the county jail not exceeding six months, or by both (Pen. Code, § 241); battery being punishable by a fine of not exceeding $2,000, or imprisonment in the county jail not exceeding six months, or by both. (Pen. Code, § 243, subd. (a).)

Penal Code section 245, also enacted in 1872, is a felony offense. It proscribes, in part, the assault upon another person with a deadly weapon or instrument other than a firearm, or by any means of force likely to produce great bodily injury. A violation of section 245 is punishable by imprisonment in the state prison for two, three or four years, or in a county jail not exceeding one year, or by fine not exceeding $10,000, or by both. (Pen. Code, § 245, subd. (a)(1).)

It was not until 1975 that the Legislature amended Penal Code section 243 to provide for increased punishment for the commission of a battery which causes serious bodily injury. Pursuant to section 243, subdivision (d)

a battery which causes serious bodily injury is punishable by imprisonment in the county jail for a period of not more than one year or imprisonment in the state prison for two, three or four years.

■ It is well settled that an assault is an attempt to commit a battery (*In re James M.* (1973) 9 Cal.3d 517, 521 [108 Cal.Rptr. 89, 510 P.2d 33]; *People* v. *Rocha* (1971) 3 Cal.3d 893, 899 [92 Cal.Rptr. 172, 479 P.2d 372]), and that a battery is simply a consummated assault. (*People* v. *Glover* (1967) 257 Cal.App.2d 502, 506 [65 Cal.Rptr. 219].) ■ Whenever an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense, and the accused cannot be convicted for both. (*People* v. *Greene* (1973) 34 Cal.App.3d 622, 654 [110 Cal.Rptr. 160]; *People* v. *Rocha* (1978) 80 Cal.App.3d 972, 975 [146 Cal.Rptr. 81].) ■ Since every completed battery includes an assault, assault is an included offense of battery. (*People* v. *Yeats* (1977) 66 Cal.App.3d 874, 878 [136 Cal.Rptr. 243].)

Appellant argues that assault with a deadly weapon or with force likely to produce great bodily injury is an attempt to commit a battery inflicting serious bodily injury, analogous to the relationship of simple assault and battery. Appellant cites a similar argument made in *People* v. *De Angelis* (1979) 97 Cal.App.3d 837 [159 Cal.Rptr. 111]. In that case, the defendant was convicted of both assault with a deadly weapon and mayhem. Mayhem is defined in Penal Code section 203, which states: "Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem." The court in *De Angelis* stated, "An assault [with a deadly weapon or with force likely to produce great bodily harm] is necessarily included in mayhem where the assault is a continuing event and the mayhem results during the course thereof. The lesser merges into the major." (*People* v. *De Angelis, supra,* 97 Cal.App.3d 837, 841.) We reject the implication of merger.

■ It is well established that section 654 of the Penal Code proscribes only double punishment, and not multiple convictions for a single act or course of conduct. (*People* v. *Rocha, supra,* 80 Cal.App.3d 972, 975; *People* v. *Tideman* (1962) 57 Cal.2d 574, 586-587 [21 Cal.Rptr. 207, 370 P.2d 1007]; 1 Witkin, Cal. Crimes (1964) § 207, p. 199.) The courts have also recognized that where one of the offenses charged is necessarily included in the other, a defendant may not be convicted of both. (*People* v. *Rocha, supra,* 80 Cal.App.3d 972, 975; *People* v. *Greene, supra,* 34 Cal.App.3d 622, 654; 1 Witkin, Cal. Crimes (1964) § 208, pp. 199-200.) "But where the charge arising from a single act involves different offenses, entailing

different elements of proof, a defendant may be properly *convicted* of both." (*People* v. *Rocha, supra,* at p. 975; *People* v. *Tideman, supra,* at pp. 585-586.)

■ When an accusatory pleading describes a crime in statutory language, as in this case, the test for a lesser included offense is simply, where the charged offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 99 [192 Cal.Rptr. 748, 665 P.2d 520]; *People* v. *Anderson* (1975) 15 Cal.3d 806, 809 [126 Cal.Rptr. 235, 543 P.2d 603].)

In *People* v. *Bertoldo* (1978) 77 Cal.App.3d 627 [143 Cal.Rptr. 675], the appellant argued that felony battery was a lesser included offense of felony assault. In responding to that assertion, the court there stated: "felony battery is not necessarily encompassed by aggravated assault. Section 245, subdivision (a), specifically addresses the conduct of a defendant by prohibiting an attack upon another person. In contrast, section 243 addresses the result of conduct rather than proscribing specific conduct. Thus, one may conceivably commit a felony battery without committing an aggravated assault. For example, a push that results in a fall and concomitant serious injury may not be sufficient deadly force to permit successful prosecution under section 245, subdivision (a). However, it is triable as felony battery." (*Id.,* at pp. 633-634.)

■ We find this analysis sound. Because a battery inflicting serious injury could occur without necessarily using a weapon or force *likely* to cause such serious injury, we conclude that aggravated assault (a violation of Pen. Code, § 245, subd. (a)) is not a lesser included offense of battery causing serious injury (a violation of Pen. Code, § 243, subd. (d)).

The juvenile court did not err in making findings on both counts. The findings are affirmed.

Scott, J., and Merrill, J., concurred.