[No. F013872. Fifth Dist. June 13, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY CARL SCHEIDT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

**COUNSEL**

Frances Pinnock, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ARDIAZ, Acting P. J.**—Henry Scheidt was convicted by a jury of possession of a sawed-off shotgun (Pen. Code, § 12020, subd. (a))[1] and possession of a concealable firearm ("a shotgun") by a felon (§ 12021.1). During trial he admitted having served a prior prison term within the meaning of section 667.5, subdivision (b). At sentencing, the court imposed a prison term and sentenced appellant to the middle-base term (two years) for possession of the sawed-off shotgun and the middle-base term (two years) for being a felon in

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

possession of a firearm; the term pursuant to section 12021.1 was stayed (§ 654). The court further imposed a one-year enhancement for service of a prior prison term for a total fixed term of three years.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

In addition to his other arguments,[2] appellant contends the convictions on both counts cannot stand because the language of the pleading alleging the section 12021.1 violation encompassed a violation of section 12020, in that both counts involved the same shotgun. Therefore, he reasons, the separately charged section 12020 conviction must be reversed. We affirm.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

### III.

*Was Appellant Properly Convicted of Both (1) Separately Charged Possession of a Sawed-off Shotgun and (2) Being a Felon in Possession of a Concealable Firearm Where Possession of a Sawed-off Shotgun Also Was Encompassed Within the Pleading of Being a Felon in Possession of a Concealable Firearm?*

 Appellant contends that because count II of the information alleged a violation of section 12021.1 in language encompassing a violation of section 12020, this court must reverse his conviction on count I for a separately charged violation of section 12020.[6]

Contrary to appellant's contention, here we hold that only a statutorily lesser included offense is subject to the bar against multiple convictions in

---

*See footnote, *ante*, page 162.

[2]These arguments are addressed in the unpublished portion of this opinion. A statement of the facts is unnecessary to the resolution of issue III.

[6]Count I of the information, as amended, alleged a violation of section 12020, subdivision (a), to wit, that "said defendant . . . did willfully and unlawfully possess a sawed-off shotgun." Count II alleged a violation of section 12021.1, to wit, that "said defendant . . . did willfully and unlawfully own or have in his possession or under his custody and control a certain firearm, to wit: a shotgun, capable of being concealed upon the person, the said defendant having heretofore been duly and legally convicted of a felony, . . ."

Although two weapons were found in the trunk of appellant's vehicle, only one was a sawed-off shotgun. The jury was instructed that in the count encompassing the concealable firearm charge (count II), the concealable firearm involved was a "sawed-off shotgun." Thus, the weapon alleged in count II was the same weapon alleged in count I.

the same proceeding. An offense that may be a lesser included offense because of the specific nature of the accusatory pleading is not subject to the same bar.

The gist of appellant's argument comes from his initial interpretation of the generally used term "necessarily lesser included offense" and the rule repeated in *People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763], that multiple convictions may not be based on necessarily lesser included offenses.

We recognize lesser included offenses arise under different circumstances. ██ A trial court may have a duty to instruct on a lesser included *uncharged* offense for purposes of the jury resolving the defendant's culpability, if any. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 406 [309 P.2d 456]; *People* v. *Barrick* (1982) 33 Cal.3d 115, 133-135 [187 Cal.Rptr. 716, 654 P.2d 1243].) ██ A defendant charged with an offense may be convicted of that offense or any statutorily lesser included offense, but not the greater and the lesser offenses. (*People* v. *Moran, supra,* 1 Cal.3d at p. 763.)

██ In *Barrick,* our Supreme Court addressed the issue of what constitutes a lesser included offense for purposes of instructing a jury as to *uncharged* lesser offenses. Our high court distilled two tests for determining whether a crime is a necessarily included offense of another crime.

"Generally, two tests are used to determine whether in a particular case a crime is a necessarily and lesser included offense of another crime. The first test looks to the elements of the crime: if, as a matter of legal definition, the greater offense cannot be committed without concomitantly satisfying the elements of the lesser offense, the latter offense is a necessarily lesser included offense. Secondly, a crime is a necessarily lesser included offense if it is within the offense specifically charged in the accusatory pleading. [Citations.]" (*People* v. *Barrick, supra,* 33 Cal.3d at. p. 133.) In effect, the first test of *Barrick* addresses the commonality of statutory elements between the two offenses and the second test addresses the accusatory "nature" of the pleadings.

The parties do not dispute that such statutorily lesser included offenses could not be the basis of multiple convictions. Under the test of *Barrick,* both parties agree, and we concur, section 12021.1 does not necessarily include the elements of section 12020. A review of the elements of the respective statutes reveals that a person can violate either statute without violating the other. The question remains whether offenses categorized as lesser included because of the language of a pleading should result in the same bar against multiple convictions as statutorily lesser included offenses.

This issue was acknowledged but not resolved by our Supreme Court in *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595]. In *Pearson*, the court held that the defendant was properly convicted of both sodomy and lewd conduct based on a single act of sodomy. The court rejected Pearson's argument that his lewd conduct conviction was improper because it was necessarily included within the sodomy. The court explained:

"The first step in defendant's argument is apparently correct. Although the reason for the rule is unclear, this court has long held that multiple convictions may *not* be based on necessarily included offenses. (See, e.g., *People* v. *Moran* (1970) 1 Cal.3d 755, 763 . . . ['If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed']; *People* v. *Bauer* (1969) 1 Cal.3d 368, 375 . . . ['double conviction' is prohibited 'where one offense is necessarily included in another']; *People* v. *Smith* (1950) 36 Cal.2d 444, 448 . . . ; *People* v. *Greer* (1947) 30 Cal.2d 589, 604 . . . . We recently affirmed this policy in *People* v. *Cole* (1982) 31 Cal.3d 568 . . . , in which the defendant was convicted of robbery and grand theft for the same act. We held the grand theft conviction must be reversed 'because it is a lesser necessarily included offense of the crime of robbery.' (*Id.*, at p. 582.)

"Assuming arguendo that defendant correctly states the rule prohibiting multiple convictions based on necessarily included offenses, his contention must still fail because its second step is unsupported. 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' [Citations.] Although the issue is not free of doubt, we believe that under this test the offense of lewd conduct is not a lesser included offense of statutory sodomy." (42 Cal.3d at p. 355, italics original.)

The court noted: "Section 1159 provides that a defendant may be found guilty of 'any offense, the commission of which is necessarily included in that with which he is charged . . . .' We are aware that the meaning of the phrase 'necessarily included' offense as used in section 1159 has been expanded beyond the definition set forth for such offenses in *Greer*. The expanded definition has been described as follows: 'Where a defendant is charged with one or more offenses and from the language of the pleading the commission of one charged offense necessarily includes the commission of another, the latter is a "necessarily included offense," even though its elements are not within the legal elements of the greater offense as defined by statute.' [Citations.] Nonetheless, while an expanded definition of neces-

sarily included offenses may be appropriate in the context of section 1159, there appears little reason to enlarge the meaning of the same phrase as it is used in other situations. We need not answer the question here, however, because the information did not include sufficient language to make the convictions for lewd conduct necessarily included offenses under this expanded test." (42 Cal.3d at p. 356, fn. 2.)

■ In addressing the question, we note that the explanations behind barring multiple convictions for lesser included offenses and instruction on lesser included offenses spring from different rationales.

"When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.] . . ." (*People v. West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

"As to a lesser included offense, the required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense. [Citations.] However, even when the charge does not so specify, the requisite notice is nonetheless afforded if the lesser offense is 'necessarily included' within the statutory definition of the charged offense; in such event conviction of the included offense is expressly authorized (§ 1159) . . . ." (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368-369 [173 Cal.Rptr. 453, 627 P.2d 183].)

In other words, an offense included within the language of a pleading is equated with an offense included within the elements of a statute "[f]or purposes of determining whether an instruction on a lesser included offense may or must be given . . . ." (*People v. Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].) If, as our Supreme Court has said, the "reason for the rule [precluding multiple convictions based on necessarily included offenses] is unclear" (*People v. Pearson, supra,* 42 Cal.3d at p. 355), the rule appears to have nothing to do with due process or notice concerns about the giving of lesser offense instructions.

Independent research into the origins of the multiple conviction rule shows that the rule likely arose in the context of double jeopardy. (See *People v. Greer* (1947) 30 Cal.2d 589, 595-598 [184 P.2d 512], overruled on

another point in *People* v. *Pearson, supra,* 42 Cal.3d 351, 357-358.) In this regard, section 1023 provides: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading." ■ The double jeopardy bar applies to whichever offense, greater or lesser, is prosecuted first in time. (*People* v. *Greer, supra,* 30 Cal.2d at pp. 596-597.)

The double jeopardy bar does not apply to multiple convictions or acquittals in a single trial. (*Ohio* v. *Johnson* (1984) 467 U.S. 493, 501 [81 L.Ed.2d 425, 434-435, 104 S.Ct. 2536].) As Witkin and Epstein explain:

"Since the purpose of the doctrine is to protect the defendant from the harassment of *multiple trials,* it is properly invoked only where there was a prior criminal proceeding which reached the jeopardy stage. It does not apply to convictions or acquittals or dismissals on separate counts in a single trial. (See P.C. 954.) These may operate unjustly against a defendant, but if they do, other protections are invoked: e.g., multiple convictions and punishment for the same act or omission under different statutes may violate P.C. 654 . . . , or a conviction on one count may be so inconsistent with an acquittal on another as to render the verdict or judgment fatally defective . . . ." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 273, p. 314, italics original.)

Section 954 provides, in pertinent part:

"An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, *but the defendant may be convicted of any number of the offenses charged,* . . ." (Italics added.) Thus, section 954 expressly authorizes multiple convictions in one proceeding.

■ The argument of appellant reduces to a syllogism: (1) a defendant may not be convicted of an offense necessarily included within the statutory elements of a greater offense of which he also has been convicted (rule one); (2) an offense included within the language of a pleading alleging another offense is treated as a necessarily included offense for due process notice purposes (rule two); (3) therefore, an offense treated as a lesser included offense for due process notice purposes is a necessarily included offense for

purposes of the rule barring multiple convictions for necessarily lesser included offenses.

Like our state's highest court, we observe that expansion of the interpretation of lesser included offenses for purposes of section 1159 to allow a defendant to be found guilty of included offenses whether charged or uncharged may serve a beneficial purpose. However, "there appears little reason to enlarge the meaning of the same phrase as it is used in other situations." (*People* v. *Pearson, supra,* 42 Cal.3d at p. 356, fn. 2.)

Moreover, section 654, as currently interpreted by our Supreme Court, does not preclude multiple convictions based on the same act. Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be *punished* under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." (Italics added.)

In *People* v. *Siko* (1988) 45 Cal.3d 820 [248 Cal.Rptr. 110, 755 P.2d 294], our Supreme Court explained:

"Since its origin in 1872, the Penal Code has prohibited multiple punishment for a single 'act or omission.' (§ 654.) Although our interpretation of that provision has varied somewhat over the years, we have consistently held that it bars imposing consecutive sentences for a single act or omission, even though the act or omission may violate more than one provision of the Penal Code. [Citation.] *Since 1962 we have interpreted section 654 to allow multiple convictions arising out of a single act or omission, but to bar multiple punishment for those convictions.* [Citations.]" (45 Cal.3d at p. 823, italics added.)

For section 654 purposes, this case is identical to *People* v. *Perry* (1974) 42 Cal.App.3d 451 [116 Cal.Rptr. 853], where a defendant was convicted of being a felon in possession of a concealable firearm and possession of a sawed-off rifle. The court held that the multiple punishment bar applied since, as Perry argued, "it was the single possession of a sawed-off rifle that was made punishable by two different penal statutes." (*Id.,* at p. 456.) In the instant case, the trial court correctly invoked section 654's multiple punishment bar by staying execution of sentence on count II, the section 12021.1 violation.

Although conviction in one proceeding of greater and lesser included offenses based on the same act does not violate double jeopardy, a more basic reason appears for the rule precluding multiple convictions. It is manifest that a greater offense and all its statutorily included lesser offenses

protect the identical interest. As to any given statute, for each act the Legislature presumably intended only that a defendant be convicted of the greatest offense proved or admitted, not every lesser offense as well. For example, conviction of assault vindicates the same interest in personal security as conviction of battery. Where a defendant is convicted of battery, vindication of the protected personal security interest does not require conviction of assault for the same act. Conviction of the assault would be superfluous.

The same cannot be said where a defendant is convicted of two *related* crimes, neither of which includes all the statutory elements of the other. Here, conviction of both crimes advances the differing legislative purposes behind each. As noted by respondent: "Penal Code section 12020, subdivision (a), which prohibits possession of a sawed-off shotgun, has a different objective than does Penal Code section 12021.1, which prohibits the possession of firearms by ex-felons." Section 12020, subdivision (a) "outlaws a class of weapons identified by the Legislature as common to the criminal's arsenal." " 'Sawed-off' shotguns and rifles are suitable for unlawful purposes because of their concealability and ease of handling." (*People* v. *Stinson* (1970) 8 Cal.App.3d 497, 500 [87 Cal.Rptr. 537].) As remarked by respondent, "[t]he danger identified is the particular device, not necessarily the person who possesses or controls it." In contrast, respondent notes section 12021.1 directs itself to the "hazard of permitting ex-felons to have [concealable] firearms. '[T]he risk to public safety derives [from] the type of person involved.' (*People* v. *Harrison* (1969) 1 Cal.App.3d 115, 122 [81 Cal.Rptr. 396].)"

Had appellant been separately charged with violations of sections 12020, subdivision (a) and 12021.1, in the exact language of the respective statutes, he could have been convicted of both crimes. To immunize him from conviction of one or the other offense because the count II pleading specified the firearm would be irrational and would frustrate the strong legislative purpose behind both statutes.

The judgment is affirmed.

Vartabedian, J., and Thaxter, J., concurred.