20 Cal.Rptr.3d 371 (2004)
123 Cal.App.4th 855
The PEOPLE, Plaintiff and Respondent,
v.
Shaani Aaisha AUSBIE, Defendant and Appellant.
No. F044294.
Court of Appeal, Fifth District.
October 29, 2004.
Rehearing Denied November 12, 2004.
Review Denied January 12, 2005.
*373 A.M. Weisman, Diamond Bar, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Raymond L. Brosterhous and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

*372 OPINION
DAWSON, J.
Shaani Aaisha Ausbie (appellant) was convicted of one count of mayhem (Pen. Code, § 203; count 1),[1] one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); count 2), and one count of battery with serious bodily injury (§ 243, subd. (d); count 3). An allegation that appellant had personally used a razor knife in the commission of the mayhem offense (§ 12022, subd. (b)(1)) and two allegations of personal infliction of great bodily injury in the commission of the assault (§ 12022.7, subd. (a)) were found true. Appellant was found to have served a prior prison term (§ 667.5, subd. (b)).
Appellant was sentenced to a total determinate term of 10 years in state prison, consisting of the middle term of three years for the aggravated assault conviction, with two 3-year enhancement terms for personal infliction of great bodily injury and a one-year enhancement for the prior prison term. Sentences on the other counts were imposed and stayed. Various tests and fines were ordered, including restitution to be paid to Cynthia Robinson in the amount of $1,043.65 and restitution to be paid to Misty Garcia in an amount to be determined.
On appeal, appellant contends her convictions for battery with serious bodily injury and assault by means of force likely to produce great bodily injury must be reversed because they are lesser offenses necessarily included in the mayhem offense. Appellant also claims error in the jury instructions and the restitution order. Respondent agrees that the conviction for battery with serious bodily injury must be reversed, and we accept that concession and reverse the conviction on count 3. We *374 modify appellant's restitution order to be joint and several, but find the remainder of her contentions to be without merit.

FACTS
Cynthia Robinson and her friend Misty Garcia went to the Elks Lodge in Kern County late one evening and saw appellant at the bar. There was bad blood between appellant and Robinson over appellant's boyfriend, Michael Whatley. Appellant and Robinson soon exchanged words, and words escalated to blows when appellant punched Robinson and she punched back. Appellant's sister, Aarica Kitchen, joined the fray, hitting and kicking Robinson.
Elks Lodge security officers stopped the fight and escorted the combatants outside, where they resumed their battle. Using a razor or box cutter later found in Kitchen's vehicle, appellant fought with Robinson until Robinson, bloody and weak, made her retreat. Meanwhile, Kitchen and Garcia did battle. Moments later, Robinson saw appellant run toward Garcia, hit her, and make slashing motions toward her.
Robinson was cut six or seven times during the altercation in the parking lot, and suffered injuries to her wrist, face, arms, head and chest. Her wounds required over 300 stitches and 30 to 40 staples to repair, and she was hospitalized for two days. Garcia was cut on her arm, face and breast, requiring 200 stitches to repair and resulting in scars.
Garcia and Robinson testified that they carried no weapon during the fight and that neither had threatened appellant or Kitchen.

DISCUSSION

1. Lesser included offenses of mayhem
Appellant was convicted of mayhem (count 1), assault by means of force likely to produce great bodily injury (count 2), and battery with serious bodily injury (count 3). She contends the convictions on counts 2 and 3 must be reversed because both assault by means of force likely to produce great bodily injury and battery with serious bodily injury are offenses necessarily included within the offense of mayhem.
Respondent concedes that battery with serious bodily injury is a necessarily included offense of mayhem and that the conviction for battery must be reversed. We accept that concession and will reverse count 3. The completed offense of mayhem, of necessity, includes the completed offense of battery with serious bodily injury. (People v. Ortega (1998) 19 Cal.4th 686, 692, 80 Cal.Rptr.2d 489, 968 P.2d 48 [an offense is necessarily included where greater offense cannot be committed without necessarily committing lesser offense]; People v. Moran (1970) 1 Cal.3d 755, 763, 83 Cal.Rptr. 411, 463 P.2d 763 [when jury expressly finds the defendant guilty of both greater and lesser offenses and evidence supports verdict as to greater offense, conviction of that offense is controlling, and conviction of lesser offense must be reversed].) We also agree with respondent, however, that assault by means of force likely to produce great bodily injury is not an offense necessarily included in the offense of mayhem.
We begin our analysis with section 954, which "sets forth the general rule that defendants may be charged with and convicted of multiple offenses based on a single act or an indivisible course of conduct. It provides in relevant part: `An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory *375 pleading, but the defendant may be convicted of any number of the offenses charged, . . .' (Italics added.)" (People v. Pearson (1986) 42 Cal.3d 351, 354, 228 Cal.Rptr. 509, 721 P.2d 595.)
Appellant is correct, however, in noting that "multiple convictions may not be based on necessarily included offenses." (People v. Pearson, supra, 42 Cal.3d at p. 355, 228 Cal.Rptr. 509, 721 P.2d 595.) "[A] defendant properly may be convicted of two offenses if neither offense is necessarily included in the other, even though under section 654 he or she could not be punished for more than one offense arising from the single act or indivisible course of conduct. The necessarily included offense rule is used to determine whether a defendant improperly has been convicted of both a greater offense and an included offense, or properly has been convicted of separate offenses." (People v. Ortega, supra, 19 Cal.4th at p. 693, 80 Cal.Rptr.2d 489, 968 P.2d 48.)
Appellant relies on People v. DeAngelis (1979) 97 Cal.App.3d 837, 159 Cal.Rptr. 111 as being directly on point. A careful reading of that opinion, however, reveals that its holding is limited: "An assault is necessarily included in mayhem where the assault is a continuing event and the mayhem results during the course thereof. The lesser merges into the major." (Id. at p. 841, 159 Cal.Rptr. 111.) Though the DeAngelis defendant had been charged with mayhem and with assault on the same victim by means of force likely to produce great bodily injury, the jury convicted DeAngelis only of mayhem and the lesser offense of simple assault. Thus, the court's holding that assault is a lesser offense subsumed in the offense of mayhem (see also People v. McKelvy (1987) 194 Cal.App.3d 694, 702, 239 Cal.Rptr. 782; People v. Krupa (1944) 64 Cal.App.2d 592, 597, 149 P.2d 416) does not also mean that assault by means of force likely to produce great bodily injury is so subsumed.[2]
Appellant also relies on People v. Moody (1943) 62 Cal.App.2d 18, 143 P.2d 978 as being directly on point. The question presented there, however, was not whether an aggravated assault was necessarily included within the offense of mayhem but, instead, whether the jury's conviction on an aggravated assault charge was necessarily inconsistent with the jury's acquittal on a charge of mayhem. While the Moody court did mention the subject of lesser included offenses in analyzing the answer to this question, it also mentioned "milder" and "junior" offenses as well as "the major crime" and "the more serious crime." (Id. at p. 21, 143 P.2d 978.) The court simply did not address, much less decide, whether assault by means of force likely to produce great bodily injury is an offense necessarily included in the offense of mayhem. (See also People v. Kimmerle (1928) 90 Cal.App. 186, 189, 265 P. 525 [same].)
The modern rationale for the crime of mayhem in California is to protect the integrity of the victim's person from disfigurement. (People v. Keenan (1991) 227 Cal.App.3d 26, 34, 277 Cal. *376 Rptr. 687; People v. Newble (1981) 120 Cal.App.3d 444, 451, 174 Cal.Rptr. 637.) The offense includes three elements: (1) an unlawful act by means of physical force; (2) resulting in an injury which "deprives a human being of a member of his body, or disables, disfigures or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip ...;" and (3) done "maliciously," defined as "an unlawful intent to vex, annoy, or injure another person." (§ 203; CALJIC No. 9.30; 53 Am.Jur.2d (1996) Mayhem and Related Offenses, § 8, p. 56.) The statute itself does not define the nature of force required but focuses instead on the nature of the injuries inflicted. (See 53 Am.Jur.2d, supra, § 1, p. 51; People v. Sears (1965) 62 Cal.2d 737, 744, 44 Cal.Rptr. 330, 401 P.2d 938 [required act is an "aggressive act" resulting in one of the enumerated injuries], overruled on other grounds in People v. Cahill (1993) 5 Cal.4th 478, 20 Cal. Rptr.2d 582, 853 P.2d 1037.) It is the nature of the injury that distinguishes mayhem from the related offenses of battery and assault, not the degree of force. (See 53 Am.Jur.2d, supra, § 8, p. 56 [means or manner used to inflict injury not material to crime of mayhem].) The "aggressive act" need not be committed with any specific intent to main or disfigure (People v. McKelvy, supra, 194 Cal.App.3d at p. 702, 239 Cal.Rptr. 782); indeed, even intent to injure need not be shown, but only an intent either to injure, vex or annoy. (People v. Lopez (1986) 176 Cal. App.3d 545, 550-552, 222 Cal.Rptr. 101.)
A careful examination of two California cases illustrates the point that it is the injury which controls, not the nature of the force applied. In People v. Page (1980) 104 Cal.App.3d 569, 163 Cal.Rptr. 839, the victim was tattooed while she was being held and threatened by the defendants. Although there were other acts of violence committed against the victim, the force necessary to inflict the disfiguring injury was holding the victim in place on a bed and applying the tattoo needles. In People v. Keenan, supra, 227 Cal.App.3d 26, 277 Cal.Rptr. 687, the defendant restrained the victim and used a cigarette to burn her breasts. Again, there were other acts of violence committed against the victim, including rape and sodomy, but the disfiguring injury was inflicted by use of force not necessarily likely to cause great bodily injury.[3]
Two opinions addressing not mayhem but felony battery also shed light on the issue presented here. In In re Ronnie N., supra, 174 Cal.App.3d 731, 220 Cal.Rptr. 365, the court held that aggravated assault in violation of section 245, subdivision (a) is not a lesser included offense of battery causing serious injury in violation of section 243, subdivision (d). (In re Ronnie N., supra, at p. 735, 220 Cal.Rptr. 365.) Quoting People v. Bertoldo (1978) 77 Cal.App.3d 627, 633-634, 143 Cal.Rptr. 675, the court noted
"`Section 245, subdivision (a), specifically addresses the conduct of a defendant by prohibiting an attack upon another person. In contrast, section 243 addresses the result of conduct rather than proscribing specific conduct. Thus, one may conceivably commit a felony battery without committing an aggravated assault. For example, a push that results in a fall and concomitant serious injury may not be sufficient deadly force to permit successful prosecution under section *377 245, subdivision (a). However, it is triable as felony battery.'" (In re Ronnie N., supra, 174 Cal.App.3d at p. 735, 220 Cal.Rptr. 365.)
In People v. Myers (1998) 61 Cal.App.4th 328, 71 Cal.Rptr.2d 518, the jury convicted the defendant of felony battery, but acquitted on a charge of aggravated assault, where the defendant pushed the victim, who slipped, fell, and was seriously injured. (See also People v. Mansfield, supra, 200 Cal.App.3d at p. 88, fn. 5, 245 Cal.Rptr. 800.)
Thus it requires no prescience to imagine a situation in which an assailant might maliciouslythat is, with an intent to vex, annoy, or injure anotheruse force less than that likely to produce great bodily injury but nonetheless produce a disfiguring result. Though the disfiguring result would be considered great bodily injury (see People v. Brown (2001) 91 Cal.App.4th 256, 272, 109 Cal.Rptr.2d 879), the act that produced it would not constitute an assault by means of force likely to produce great bodily injury.
In reaching our conclusion that assault by means of force likely to produce great bodily injury is not a lesser offense necessarily included in the offense of mayhem, we have examined the offense of mayhem and its elements as defined by statute. Appellant contends we also must examine the accusatory pleading to determine whether she has been convicted of a greater and a necessarily included offense. In People v. Scheidt (1991) 231 Cal.App.3d 162, 165-170, 282 Cal.Rptr. 228, this court rejected the use of the accusatory pleading test to determine whether two very similar convictions could stand.[4] Instead, we concluded, "only a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding." (Scheidt, at pp. 165-166, 282 Cal.Rptr. 228, italics added; see also In re Joseph G. (1995) 32 Cal.App.4th 1735, 1742, 38 Cal. Rptr.2d 902; People v. Watterson (1991) 234 Cal.App.3d 942, 947, fn. 15, 286 Cal. Rptr. 13.) The Supreme Court's opinion in People v. Montoya, supra, 33 Cal.4th at pages 1035-1036, 16 Cal.Rptr.3d 902, 94 P.3d 1098 acknowledges our holding in Scheidt, along with the opinions of other courts which have concluded that the accusatory pleading test does not apply to the question whether multiple convictions are proper, but instead only protects a defendant's due process right to adequate notice before being convicted of a lesser included offense. The court in Montoya stated that it need not decide whether these decisions were correct, because application of the accusatory pleading test did not assist the defendant under the facts of the case before it. (Ibid.; but see People v. Ortega, supra, 19 Cal.4th at p. 698, 80 Cal.Rptr.2d 489, 968 P.2d 48; People v. Sanchez (2001) 24 Cal.4th 983, 988, 103 Cal.Rptr.2d 698, 16 P.3d 118.)
Out of an abundance of caution, we therefore apply the accusatory pleading test as well to determine whether assault by means of force likely to produce great bodily injury is a lesser included offense of mayhem. In doing so, as instructed by the court in Montoya, we "consider only the pleading for the greater offense." (People v. Montoya, supra, 33 Cal.4th at p. 1036, 16 Cal.Rptr.3d 902, 94 P.3d 1098.) Here, the language of the amended information charged in count 1 that:
"[Appellant], did willfully, unlawfully, and maliciously deprive Misty Garcia and Cynthia Robinson, a human being, *378 of a member of her body, to wit: multiple cuts, or disable, disfigure, or render said face useless, in violation of ... section 203, a felony."
There is no allegation that the disfiguring or disabling injury was accomplished by means of, or even that it was the result of, force likely to produce great bodily injury. Thus, under either test the aggravated assault is not necessarily included within the offense of mayhem.[5]
We therefore reverse the conviction on count 3, and affirm on counts 1 and 2.

2. CALJIC No. 17.03[**]

3. Section 12022.7, subdivision (a) enhancements
Appellant contends that the trial court erred in imposing two enhancements pursuant to section 12022.7 in connection with count 2 (assault by means of force likely to produce great bodily injury). We reject this argument.
In enacting section 12022.7, the clear intent of the Legislature was to deter the infliction of serious bodily injury on victims of felony offenses. (People v. Johnson (1980) 104 Cal.App.3d 598, 608, 164 Cal. Rptr. 69.) Section 12022.7 reads in pertinent part as follows:
"(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years. [¶] ... [¶]
"(h) The court shall impose the additional terms of imprisonment under either subdivision (a), (b), (c), or (d), but may not impose more than one of those terms for the same offense."
Appellant contends the language of section 12022.7, subdivision (h) is clear and unambiguous and precludes the imposition of more than one enhancement. Respondent contends there is no error because there were two victims, two special findings by the jury (one as to each victim) and appellant should not receive a "windfall" because the prosecutor gave a "substantial break" to appellant by combining both victims into one count.
Contrary to appellant's argument, the statutory language does not limit the number of section 12022.7, subdivision (a) enhancements to be imposed when there are multiple victims. Properly construed, subdivision (h) simply prohibits the trial court from imposing more than one section 12022.7 enhancement for injury to an individual victim. For example, if a defendant, in the commission or attempted commission of a felony, personally inflicted on a person who was at least 70 years old (§ 12022.7, subd. (c)) an injury that rendered the person comatose (§ 12022.7, subd. (b)), the court would only be permitted to impose a single enhancement and could not impose the enhancements under both subdivisions. This interpretation is consistent with the rule that an act punishable in different ways by different provisions *379 of law shall be punished by the longest potential term of imprisonment but shall not be punished under more than one provision. (See § 654, subd. (a); see also People v. Arndt (1999) 76 Cal.App.4th 387, 396-397, 90 Cal.Rptr.2d 415 [rejecting argument that § 654 prohibits imposing more than one enhancement under § 12022.7, in a case involving multiple victims].) We therefore construe section 12022.7, subdivision (h) as limiting the sentencing court to one of the subdivision (a), (b), (c), or (d) enhancements for each injured victim, but not as prohibiting the court from imposing a section 12022.7 enhancement for each victim of a single offense when there are multiple victims who suffered great bodily injury.
Our construction of section 12022.7, subdivision (h) is consistent with the general principle that the law requires greater punishment when there are multiple victims. This state has long recognized that multiple punishment is proper when a single act of violence injures or kills multiple victims. (People v. McFarland (1989) 47 Cal.3d 798, 803, 254 Cal.Rptr. 331, 765 P.2d 493; see also In re Tameka C. (2000) 22 Cal.4th 190, 193-196, 91 Cal.Rptr.2d 730, 990 P.2d 603 [multiple § 12022.5 enhancements are proper when defendant uses a gun against multiple victims on a single occasion];[6]People v. King (1993) 5 Cal.4th 59, 78-79, 19 Cal.Rptr.2d 233, 851 P.2d 27 [same].)
Further, had the Legislature intended to limit the number of section 12022.7 enhancements a court could impose in a particular case involving multiple victims, it could have said so expressly. It has done exactly that in drafting other related enhancements. For example, in Vehicle Code section 23558, which provides for a one-year enhancement for each additional victim when a defendant is convicted of felony driving under the influence with bodily injury or death, the Legislature expressly limited to three the number of one-year enhancements a court may impose even where there are more than three injured victims. "`"Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject ... is significant to show that a different intention existed."'" (People v. Drake (1977) 19 Cal.3d 749, 755, 139 Cal. Rptr. 720, 566 P.2d 622; Anthony v. Superior Court (1980) 109 Cal.App.3d 346, 356, 167 Cal.Rptr. 246.) We will not add a limitation which does not appear in the statute.
Consequently, although appellant was charged with only one offense, relating to two victims, she may nonetheless receive increased punishment for each of the victims injured. (Cf. People v. Arndt, supra, 76 Cal.App.4th at pp. 396-397, 90 Cal. Rptr.2d 415 [§ 654 does not preclude multiple enhancements for multiple victims].)

4.-5.[***]

DISPOSITION
The abstract of judgment incorrectly identifies the conviction offense on count 2 as assault with a deadly weapon. The trial court is directed to correct this error. Appellant's conviction for battery causing serious bodily injury is reversed. The trial court is directed to modify the abstract of judgment accordingly, and also to modify the restitution order to provide expressly *380 that appellant is jointly and severally liable for the direct victim restitution. A certified amended abstract of judgment is to be forwarded to the Department of Corrections. In all other respects, the judgment is affirmed.
WE CONCUR: HARRIS, Acting P.J., and GOMES, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2., 4., and 5.
[1] All further statutory references are to the Penal Code unless otherwise stated.
[2] We have no quarrel with the holding of DeAngelis. The degree of force necessary for a simple assault is identical to that needed for a simple battery. An assault is an attempted battery. (People v. Yeats (1977) 66 Cal.App.3d 874, 878, 136 Cal.Rptr. 243.) Only a slight unprivileged touching is needed to satisfy the force requirement of a criminal battery. (People v. Mansfield (1988) 200 Cal.App.3d 82, 88, 245 Cal.Rptr. 800.) As respondent concedes, the offense of mayhem includes by definition a completed battery. (§§ 203, 242.) The court in In re Ronnie N. (1985) 174 Cal.App.3d 731, 734, 220 Cal.Rptr. 365 appears to have misread DeAngelis as addressing the question whether mayhem necessarily includes assault by means of force likely to produce great bodily injury.
[3] Whether assaultive force reaches a level of that likely to produce great bodily injury is a question of fact for the jury. (People v. Sargent (1999) 19 Cal.4th 1206, 1221, 81 Cal. Rptr.2d 835, 970 P.2d 409; People v. Armstrong (1992) 8 Cal.App.4th 1060, 1066, 10 Cal.Rptr.2d 839.)
[4] The accusatory pleading test is generally used to determine whether to instruct a jury on an uncharged lesser offense. (See People v. Montoya (2004) 33 Cal.4th 1031, 1036, 16 Cal.Rptr.3d 902, 94 P.3d 1098, and cases cited therein.)
[5] For clarity, we note that appellant was not charged with assault with a deadly weapon, another species of aggravated assault under section 245, subdivision (a). Because mayhem does not require use of a deadly weapon, and because no such use was charged in count 1, except as an enhancement, assault with a deadly weapon would not have been a lesser included offense here. (See People v. Keenan, supra, 227 Cal.App.3d at pp. 28-29, 277 Cal.Rptr. 687 [scars left by cigarette burns may constitute mayhem]; see also People v. Wolcott (1983) 34 Cal.3d 92, 100-101, 192 Cal.Rptr. 748, 665 P.2d 520; People v. Delahoussaye (1989) 213 Cal.App.3d 1, 10, 261 Cal.Rptr. 287 [court may not consider enhancement allegations as part of accusatory pleading for purpose of defining lesser included offenses].)
[**] See footnote *, ante.
[6] We are also guided by the principle that the words of a statute are construed in context and harmonized to the extent possible with other statutes relating to the same subject matter. (Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1387, 241 Cal.Rptr. 67, 743 P.2d 1323.)
[***] See footnote *, ante.