Filed 11/22/13  P. v. Lopez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C071582 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF11497, CRF1269) |
| v. | |
| THOMAS ALLEN LOPEZ, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Thomas Allen Lopez was convicted of assault with force likely to cause great bodily injury and battery causing serious bodily injury. On appeal, he contends his conviction for assault with force likely to cause great bodily injury must be reversed as it is a lesser included offense of battery causing serious bodily injury.  We affirm the judgment.

FACTS AND PROCEEDINGS

In January 2012, defendant was incarcerated along with two other inmates, Michael Barabin and John Fleming.  The trio was discussing Fleming's tattoos, when defendant mumbled something and Barabin said, "what's it to you?"  Barabin turned

1

away and defendant jumped on the table and kicked Barabin on the left side of his face. The kick broke Barabin's jaw in two places. Barabin was treated with Tylenol and ultimately his jaw was surgically wired shut for about a month.

An information charged defendant with battery causing serious bodily injury (Pen. Code, § 243, subd. (d)--count one; unless otherwise stated, statutory references that follow are to the Penal Code) and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)--count two). The information also alleged, as to count one, that defendant personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)) and as to count two, personally caused great bodily injury (§ 12022.7, subd. (a)). A jury found defendant guilty of both charges and found the enhancement allegations true. The trial court sentenced defendant to an aggregate term of seven years in state prison, four years on count two, with a consecutive three-year sentence for the great bodily injury enhancement. The sentence on count one was stayed under section 654. The trial court awarded defendant 157 days of presentence custody credits. Defendant was also sentenced in an unrelated case, case No. CRF11-497, to a consecutive one-year term and awarded 387 days of presentence custody credit.

DISCUSSION

Defendant contends his conviction for assault with force likely to cause great bodily injury must be reversed because it is a lesser included offense to battery causing serious bodily injury. As defendant acknowledges, a consistent line of case law has rejected this position. (*In re Ronnie N.* (1985) 174 Cal.App.3d 731, 733-735; see *People v. Hopkins* (1978) 78 Cal.App.3d 316, 319-321; *People v. Bertoldo* (1978) 77 Cal.App.3d 627, 633-634.)

A defendant may not be convicted of an offense that is included within another offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) To determine whether one offense is necessarily included within another, we look to the statutory elements of the

2

offenses. "[I]f the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Id.* at p. 1227.) Where, as here, the challenge is to a charged offense, we do not look to the accusatory pleadings. The pleadings are relevant only when the question is whether a defendant may be convicted of an uncharged crime. (*Id.* at pp. 1228–1231.)

The statutory elements of aggravated assault are: (1) an assault, that is, "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" (§ 240); and, (2) committed with a deadly weapon or "by any means of force likely to produce great bodily injury." (§ 245, former subd. (a)(4).) (*People v. Murray* (2008) 167 Cal.App.4th 1133, 1139.) The statutory elements of felony battery are: (1) a battery, that is "any willful and unlawful use of force or violence upon the person of another" (§ 242); and, (2) serious bodily injury is inflicted on the person (§ 243, subd. (d)). (*People v. Longoria* (1995) 34 Cal.App.4th 12, 16.) "Because a battery inflicting serious injury could occur without necessarily using a weapon or force likely to cause such serious injury, . . . aggravated assault (a violation of Pen. Code, § 245, subd. (a)) is not a lesser included offense of battery causing serious injury (a violation of Pen. Code, § 243, subd. (d))." (*In re Ronnie N., supra*, 174 Cal.App.3d at p. 735, citing *People v. Bertoldo, supra*, 77 Cal.App.3d at pp. 633-634 [push that results in fall with serious injury is felony battery, but not aggravated assault].) We agree that "[a]ssault with force likely to produce great bodily injury is not a lesser included offense of battery with serious bodily injury." (*In re Jose H.* (2000) 77 Cal.App.4th 1090, 1095-1096 (*Jose H.*).) Our Supreme Court has examined the reasoning of *Jose H.,* cited its conclusion with approval and followed it to resolve a somewhat different issue. (*People v. Sloan* (2007) 42 Cal.4th 110, 119-120.) We find these authorities persuasive and reject defendant's claim.

3

## DISPOSITION

The judgment is affirmed.

<u>      HULL           </u>, J.

We concur:

<u>      RAYE           </u>, P. J.

<u>      BLEASE        </u>, J.