Filed 7/16/14  P. v. Mills CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH WAYNE MILLS,<br><br>    Defendant and Appellant. | B247127<br><br>(Los Angeles County<br>Super. Ct. No. VA088677) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Cynthia Ravis, Judge.  Affirmed, as modified.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, William H. Shin and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kenneth Wayne Mills appeals from his conviction for mayhem and assault.  He contends that he was unlawfully convicted of both a greater and necessarily included lesser offense for the same conduct.  He also contends the abstract of judgment misstates the court's pronouncement of sentence.  Respondent Attorney General agrees with appellant's contentions.  Accordingly, we will modify the court's judgment, and as modified, affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Kenneth Wayne Mills and victim Robert Thayer were patients and roommates at Metropolitan State Hospital in Norwalk, California.  In the afternoon of March 3, 2005, appellant was talking loudly with another patient in their bedroom when Thayer told appellant to be quiet so that Thayer could sleep.  Appellant responded, "Well, you mother F, I'll get you for this.  And you can't tell me what to do."  Thayer went to the nurse's aid station down the hall to report appellant's threat.  Thayer then returned to his room and began putting on his shoes.  As he was doing so, appellant attacked him by swinging his right fist into Thayer's left eye.  Thayer believed appellant struck him with a key because he felt something penetrate his eye.  Thayer immediately went to the nurse's station and reported that appellant had hit him.  Thayer's eye injury resulted in his going blind in the eye and its surgical removal.  At trial, appellant testified Thayer attacked him first and that Thayer injured his eye when he fell against the corner of a locker as they scuffled.

The People charged appellant with aggravated mayhem (Pen. Code, § 205; count 1)[1] and assault with a deadly weapon (§ 245, subd. (a)(1); count 2).[2]  As to the assault charge, it was alleged that appellant personally inflicted great bodily injury

---

[1]    All further statutory references are to the Penal Code, unless otherwise noted.

[2]    This case is the appellant's third trial on these allegations.  Appellant's first trial resulted in a hung jury.  Appellant was found guilty in the second trial but the convictions were reversed on appeal, and the trial court directed to hold a competency hearing (case No. B193456).

2

(§ 12022.7, subd. (a)). As to both counts it was alleged that appellant suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd.(a)), and a conviction for which he served a prior prison term (§ 667.5, subd.(b)). The jury acquitted appellant of the charged offenses of aggravated mayhem and assault with a deadly weapon, and convicted him of the lesser charges of mayhem and assault. Appellant waived jury trial on the prior conviction allegations and admitted them. The trial court sentenced appellant to the upper term of eight years for the mayhem conviction, which was doubled as a result of his previous conviction under section 667, subdivision (a)(1) and section 667.5, subdivision (b). Another five years were added due to the section 667, subdivision (a) enhancement. The remaining allegations were dismissed. In total, appellant was sentenced to 21 years in state prison. Appellant was also ordered to serve a six-month concurrent sentence for the assault conviction. In addition, the trial court orally imposed a $200 restitution fine and a $200 revocation fine. Appellant filed a timely notice of appeal.

**DISCUSSION**

1.     *Assault Conviction Cannot Stand*

The jury convicted appellant of mayhem and assault for his attack against Thayer which resulted in Thayer losing his eye. It is well established that a defendant cannot be convicted of both a greater and a necessarily included lesser offense arising out of the same conduct. (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) "[A]ssault is necessarily included in mayhem where the assault is a continuing event and the mayhem results during the course thereof." (*People v. De Angelis* (1979) 97 Cal.App.3d 837, 841.) When a defendant is convicted of both the greater and necessarily included lesser offense for the same conduct, the conviction for the lesser offense must be reversed. (*Sanders,* at p. 736.) Appellant contends that the mayhem in this case occurred during the course of his assault of Thayer, and therefore the assault is a lesser crime included in the mayhem.

3

The Attorney General agrees, as do we. Accordingly, we dismiss appellant's conviction for assault.[3]

## 2. *Abstract of Judgment Shall Be Corrected*

In pronouncing sentence, the trial court orally imposed a $200 restitution fine and a $200 parole revocation fine pursuant to section 1202.4.[4] The abstract of judgment states, however, that the fines are $240 each. When the oral pronouncement of judgment conflicts with the abstract of judgment, the oral pronouncement prevails. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) Appellant asks, and the Attorney General agrees, that we order modification of the abstract of judgment to reflect the court's oral sentence. (*People v. Mitchell* (2001) 26 Cal.4th 181, 187 [Court of Appeal may correct errors in abstract of judgment].) Accordingly, the abstract of judgment shall be corrected to reflect a restitution fine and a parole revocation fine in the amount of $200 each.

We also observe that appellant was convicted of mayhem but the abstract of judgment states he was convicted of aggravated mayhem. The abstract of judgment shall therefore be corrected to show appellant's offense was mayhem.

## DISPOSITION

Appellant's conviction for assault is dismissed. The trial court shall prepare a corrected abstract of judgment stating appellant's conviction was for mayhem, and that the restitution and parole revocation fines are in the amount of $200 each. The trial court

---

**3** Dismissal of appellant's conviction for assault makes moot his alternative contention that the court should have stayed appellant's sentence for assault under section 654.

**4** Although the minimum fine for the crime at the time of the *sentence* was $240, $200 was the minimum fine at the time the crime was *committed*. (See, e.g., *People v. Souza* (2012) 54 Cal.4th 90, 143 [the ex post facto clause requires that fines must be imposed based on the date the crime was committed].)

4

shall thereafter forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


RUBIN, ACTING P. J.

WE CONCUR:


GRIMES, J.


KUSSMAN, J.*

_____

5