Filed 2/24/14  P. v. Jones CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074072 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F07590) |
| v. | |
| HASAN RASHEED JONES, | |
| Defendant and Appellant. | |

A jury convicted defendant Hasan Rasheed Jones of mayhem (Pen. Code, § 203—count one),[1] assault with great bodily injury (§ 245, subd. (a)(4)—count two), and battery with serious bodily injury (§ 243, subd. (d)—count three).  The trial court sentenced defendant on count one to a state prison term of eight years (the upper term).  The court imposed but stayed sentence on counts two and three.  (§ 654.)

---

[1] Undesignated statutory references are to the Penal Code.

Defendant contends the trial court erred prejudicially by failing to instruct the jury sua sponte that battery with serious bodily injury is a lesser included offense of mayhem and that the jury had to choose between the offenses; furthermore, a jury so instructed might have concluded there was insufficient evidence of the greater offense. Therefore, defendant concludes either his conviction on count one or his conviction on count three must be reversed. (Cf. *People v. Dewberry* (1959) 51 Cal.2d 548, 555 (*Dewberry*).) Defendant's contentions fail because battery with serious bodily injury is not a lesser included offense of mayhem (*People v. Santana* (2013) 56 Cal.4th 999, 1005-1011 & fn. 6 (*Santana*)), and the evidence was sufficient to support his conviction on count one. We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Prosecution Case*

Defendant and the victim, John French, lived in different units of the same apartment complex. On the evening of November 16, 2012, the victim, a young adult who suffers from a learning disability and Asperger's Syndrome, went to the apartment of a neighbor and her eight-year-old brother to get back some movies the boy had borrowed from the victim.

While the victim and the boy were speaking at the front door of the apartment, defendant came up to them and asked the victim angrily if he had stolen defendant's bicycle. The victim said he had not.

After rolling up his sleeves, defendant started punching and kicking the victim. Defendant pulled the victim's ear, causing it to split. Defendant knocked the victim to the ground, then threw a patio chair out of the way to get to him. Ignoring the victim's pleas to stop, defendant kicked and stomped his head and ribs while the victim was on the ground. Defendant also ignored the pleas of the neighbor and two upstairs tenants. The victim, lying in fetal position, lost consciousness at some point.

When the neighbor told defendant she was on the phone with 911, he fled. The attack had lasted over 10 minutes.

The neighbor went outside to help the victim, who was covered in his own blood and slipping in and out of consciousness. The police and an ambulance arrived soon, and the victim was taken to the hospital.

The victim's injuries included a concussion, a broken rib, a dent in his head, a swollen face, fractures to the orbital floors of both eyes, a broken nose, chipped teeth, a ripped ear, and a broken right index finger. He could not open his right eye and could barely walk or talk.

The victim's treatment included stitches for his ear and surgery on his face (cheekbones, eye sockets, and nose).[2] Titanium plates were inserted to reconstruct his cheeks and eye sockets; if that surgery had not been done, the eyes could have settled onto different levels, causing disturbance in gaze and double vision. The victim lost his sense of smell for two months, could not feel his nose, and was numb in both cheeks. At the time of trial, six months after the incident, the victim had not regained feeling in his upper lip and still felt pain from his finger, which had healed "crooked."

### Defense Case

Defendant testified on his own behalf. According to defendant, he asked the victim if he had seen the neighbor's cousin, whom defendant suspected of stealing his bicycle. The victim replied, "What [do] you want him for? I got your bike. . . . What [are] you going to [do] about it?" The victim made a fist and held it in his other hand. The two men walked toward each other. The victim threw the first punches. Defendant hit back in self-defense, knocking the victim down; defendant did not pull the victim's

---

[2] The victim thought he had received at least six stitches on his right ear. The emergency room physician who repaired the injury testified that the laceration was three centimeters long.

ear.  Defendant continued to kick and stomp the victim on the ground because the victim was still kicking at him.  Defendant suffered a black eye and a split lip in the fight.[3]

*Instructions*

The trial court instructed the jury on mayhem with CALCRIM No. 801 (italics added):

"The defendant is charged in Count One with Mayhem in violation of Penal Code section 203.

"To prove that the defendant is guilty of Mayhem, the People must prove that the defendant *caused serious bodily injury when he* unlawfully and maliciously:

"1.  Disabled or made useless a part of someone's body and the disability was more than slight or temporary;

"OR

"2.  Permanently disfigured someone;

"OR

"3.  Slit someone's ear.

"Someone acts maliciously when he intentionally does a wrongful act or when he acts with the unlawful intent to annoy or injure someone else.

"*A serious bodily injury means a serious impairment of physical condition.  Such an injury may include, but is not limited to, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement*.

---

[3] Defendant admitted he did not see a doctor and could not prove he had sustained any injuries.

"A disfiguring injury may be *permanent* even if it can be repaired by medical procedures."

The trial court also instructed the jury that simple battery (§ 242) and simple assault (§ 240) were lesser included offenses of count one. Neither counsel requested an instruction that battery with serious bodily injury was a lesser included offense of mayhem, and the court did not give that instruction.

## DISCUSSION

Defendant contends the trial court had a duty to instruct the jury sua sponte that battery with serious bodily injury is a lesser included offense of mayhem, and that if the jury had a reasonable doubt as to which offense defendant committed it must convict him only of the lesser offense. (Cf. *Dewberry*, *supra*, 51 Cal.2d at pp. 557-558 [trial court's duty to instruct on lesser included offenses].) He contends further that because the jury could have concluded that the victim's injuries fell short of mayhem, it is reasonably probable that if properly instructed the jury would have acquitted on count one; therefore, this court should reverse defendant's conviction for mayhem, while giving the People the option of retrying him on that offense. Finally, he contends in the alternative that because battery with serious bodily injury (count three) is a necessarily included offense of mayhem, he could not properly be convicted on both offenses and his conviction on count three must be reversed.

Defendant's arguments fail at the first step. In a decision issued after the trial in this case but before defendant's opening brief was filed, our Supreme Court held that CALCRIM No. 801, as given here, is legally erroneous so far as it instructs the jury that serious bodily injury is an element of mayhem. (*Santana*, *supra*, 56 Cal.4th at pp. 1005-1011.) The court explained that section 203, defining mayhem, does not mention serious bodily injury, and the specific injuries described in the statute need not constitute "serious impairment[s] of physical condition," as required for "serious bodily injury" under

5

section 243, subdivision (f)(4) (felony battery). (*Santana*, *supra*, 56 Cal.4th at pp. 1007, 1009-1010.) Furthermore, the examples of "serious bodily injury" given in CALCRIM No. 801 were actually inconsistent with section 203: "[S]ection 203 includes among the injurious acts constituting mayhem, *cutting* or disabling the tongue and *slitting* the nose, ear or lip. Nothing suggests that these injuries must involve protracted loss or impairment of function, require extensive suturing, or amount to serious disfigurement [(as does the definition of 'serious bodily injury' in § 243, subd. (f)(4), incorporated into CALCRIM No. 801)]." (*Santana*, *supra*, 56 Cal.4th at p. 1010.) For all these reasons, "we see no basis—compelled either by case law or by the need to give jurors further guidance—to superimpose a wholesale definition of 'serious bodily injury' from section 243[, subdivision] (f)(4) in the instruction [defining mayhem]." (*Santana*, *supra*, 56 Cal.4th at p. 1010.)

The *Santana* court noted that *People v. Ausbie* (2004) 123 Cal.App.4th 855, 861 relied on by the defendant, did not support instructing the jury on a "serious bodily injury" requirement for mayhem. (*Santana*, *supra*, 56 Cal.4th at p. 1010.) "We first note that apart from accepting the People's concession that battery with serious bodily injury is a necessarily included offense of mayhem, the *Ausbie* court did *not* hold that serious bodily injury is a separate element of mayhem. Rather than setting out a specific requirement of mayhem, the *Ausbie* court emphasized the nature and severity of the mayhem injuries because it sought to distinguish mayhem from assault by means of force likely to produce great bodily injury [citations]. More to the point, even if *Ausbie* is correct that section 203 emphasizes the 'nature of the injuries inflicted' [citation], this does not mean that the listed injuries necessarily constitute serious bodily injuries as defined, or that the instruction should include serious bodily injury as a separate requirement in addition to instructing on the six specific injuries [set out in section 203]. Based on the foregoing, we conclude that *Ausbie* does not stand for the proposition that

6

proof of serious bodily injury as a separate element is required under CALCRIM No. 801." (*Santana*, *supra*, 56 Cal.4th at p. 1011, fn. omitted.) Finally, the court disapproved *Ausbie* "to the extent it is inconsistent with this opinion." (*Santana*, at p. 1011, fn. 6.)

In short, by deeming it erroneous to instruct the jury that serious bodily injury is an element of mayhem and by disapproving *Ausbie* to the extent it suggests otherwise, *Santana* holds in effect that serious bodily injury is not an element of mayhem. Because mayhem may be perpetrated without inflicting serious bodily injury as defined in section 243, subdivision (f)(4), battery with serious bodily injury is not a necessarily included offense of mayhem, and the trial court would have erred by instructing the jury that it is. (*People v. Birks* (1998) 19 Cal.4th 108, 117 [lesser offense necessarily included in greater offense if the greater cannot be committed without also committing the lesser].)

In his opening brief, defendant erroneously relies on *Ausbie* (acknowledging, but not explaining, its disapproval by *Santana*). He also asserts that *Santana* "did not decide the question whether mayhem could be committed without inflicting serious bodily injury." But even though that precise question was not squarely presented there, in light of *Santana* it can no longer be seriously argued that mayhem includes serious bodily injury as an element or that battery with serious bodily injury is a necessarily included offense of mayhem.

For all the above reasons, defendant was not entitled to instruction on battery with serious bodily injury as a lesser included offense of mayhem.

So far as defendant contends that there was insufficient evidence to support the verdict as to count one, we disagree. The victim's injuries included, among other things, a split ear that required multiple stitches to repair, broken bones in his cheeks and eye sockets that required the insertion of metal plates to repair and could have led to permanent deformity and loss of eye function if not repaired, and a broken finger that had

7

not healed properly and still caused pain six months after the attack. Disfigurement, even if repairable, constitutes mayhem. (*People v. Williams* (1996) 46 Cal.App.4th 1767, 1774; *People v. Hill* (1994) 23 Cal.App.4th 1566, 1572-1574.)

Because battery with serious bodily injury (charged in count three) is not a necessarily included offense of mayhem, and defendant has not claimed any other error as to his conviction on count three, we conclude defendant was properly convicted on that count as well as on count one.

## DISPOSITION

The judgment is affirmed.


      BUTZ      , J.


We concur:


      BLEASE      , Acting P. J.


      ROBIE      , J.