Filed 3/7/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B244487 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA071085) |
| v. | |
| FRANCISCO SOLIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Dalila C. Lyons, Judge. Affirmed as modified, and remanded.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The People charged Francisco Solis with attempted premeditated murder (Pen. Code, § 664/187, subd. (a))[1] as well as other crimes and special allegations we set forth below. The charges were tried to a jury. On the attempted premeditated murder count, the trial court instructed on four uncharged lesser offenses. Each lesser offense was identified as lesser to the attempted premeditated murder charge; none were identified as lesser to any other. The offenses instructed upon included "attempted second degree murders"[2] the lesser included offense of attempted voluntary manslaughter (§§ 664/192), and two lesser related offenses, mayhem (§ 203) and assault with a deadly weapon (§ 245, subd. (a)(1)). The jury acquitted Solis of the charged attempted premeditated murder count, "attempted second degree murder" and attempted voluntary manslaughter. The jury convicted Solis of the two remaining uncharged lesser related offenses, mayhem and assault with a deadly weapon. This appeal presents the issue of whether a defendant may be convicted of two separate, uncharged, lesser related offenses of a single charged greater offense.

Solis contends the answer is no because he was not on notice that the single charge of attempted premeditated murder could result in two convictions for lesser crimes, and the two convictions violate sections 654, 954 and 1159. He argues the remedy is for our court to strike his aggravated assault conviction. The People argue that a jury may

---

[1]     All further section references are to the Penal Code unless otherwise indicated.

[2]     The crime of "attempted second degree murder" was a misnomer. As explained in *People v. Favor* (2012) 54 Cal.4th 868 (*Favor*), there is no substantive crime of attempted second degree murder. Imposing a greater sentence for an attempted murder that is willful and premeditated is a matter of punishment, and does not create a greater degree of attempted murder. "'[T]he statutory language employed in prescribing an additional penalty for attempted murder . . . reflects a legislative intent to create a penalty provision specifying a greater term, rather than a substantive offense.'" (*Id*. at p. 877, quoting *People v. Bright* (1996) 12 Cal.4th 652, 668 (*Bright*).) The division of a crime into degrees is exclusively a legislative function. (*Bright, supra*, at p. 670.) In short, the offense of premeditated attempted murder is not a separate offense from attempted murder. (*Favor, supra*, 54 Cal.4th at p. 877, citing *Anthony v. Superior Court* (2010) 188 Cal.App.4th 700, 706.) We use the term "attempted second degree murder" only to accurately reflect the trial court's instruction to the jury.

properly convict a defendant of two uncharged lesser related offenses based upon a single charged greater offense.

We hold that Solis's convictions for two separate, uncharged lesser related offenses stemming from a single charged greater offense were unauthorized. We modify the judgment by striking Solis's conviction for assault with a deadly weapon.

## FACTS

At 1:00 a.m. one morning, Solis went to the home of Judith M., his former girlfriend. Solis climbed through a bedroom window and began stabbing Judith with a screwdriver, telling her he had warned her "something bad was going to happen," and that she deserved to die. Solis stabbed Judith about 20 times, inflicting wounds to her neck, arm, chest, face and hands, including a life-threatening wound to her carotid artery. Later the same day, Solis went to the police and gave a taped interview in which he confessed that he attacked Judith, but stated he had been drinking beer and was "out of it" at the time of the incident. Solis also hand wrote a statement implicating himself.

The People filed an information charging Solis with attempted premeditated murder (count 1; §§ 664/187, subd. (a)), first degree burglary (count 2; § 459) with the allegation that another person was present during the commission of the offense (§ 667.5), and making criminal threats (count 3; § 422). As to count 1, the information further alleged Solis personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)), and that he personally used a deadly weapon in the commission of the attempted premeditated murder (§ 12022, subd. (b)(1)). The information alleged that Solis had suffered two prior strike convictions (§§ 667, subds. (b)-(i); 1170.2, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and that he served four prior prison terms (§ 667.5, subd. (b)).

The case was tried to a jury. On the attempted premeditated murder charge, the trial court instructed on the elements of the charged offense. Further, with the express agreement of the prosecution and defense, the court instructed with an amalgam of lesser offenses as follows:

"If all of you find that the defendant is not guilty of a greater crime, you may find him guilty of a lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of that lesser crime. A defendant may not be convicted of both a greater and lesser crime for the same conduct. Now I will explain to you which charges are affected by this instruction:

"Second degree attempted murder is a lesser crime of attempted murder charged in count one.

"Attempted voluntary manslaughter is a lesser crime of attempted murder charged in count one.

"Mayhem is a lesser crime of attempted murder charged in count one.

"Assault with a deadly weapon is a lesser crime of attempted murder charged in count one.

"It is up to you to decide the order in which you consider each crime and the relevant evidence, but I can accept a verdict of guilty of a lesser crime only if you have found the defendant not guilty of the corresponding greater crime.

"[¶] . . . [¶]

"3. If all of you agree that the People have not proven beyond a reasonable doubt that the defendant is guilty of the greater crime and you also agree that the People have proven beyond a reasonable doubt that he is guilty of the lesser crime, complete and sign the verdict form for not guilty of the greater crime and the verdict form for guilty of the lesser crime."

The trial court instructed the jury on all of the identified uncharged lesser crimes, and provided verdict sheets for all of the crimes to the jury. As described above, the court listed each of the uncharged lesser crimes as a lesser offense of the attempted murder count charged in count 1. (Compare CALCRIM No. 640 with Nos. 3515-3519.) In other words, the court did not delineate one crime as lesser to count 1, and another

4

crime as lesser to that first identified lesser crime, and, sequentially, for each subsequent lesser crime.

During deliberations, the jury asked the trial court: "Can the defendant be [convicted] of two lesser crimes." The court responded by advising the jury that its question was not clear, and then referring the jurors to the court's original instructions on greater and lesser crimes as stated above.

Shortly thereafter, the jury returned verdicts finding Solis not guilty of attempted premeditated murder in count 1, "attempted second degree murder," and attempted voluntary manslaughter. The jury returned verdicts finding Solis guilty of mayhem and assault with a deadly weapon, both as lesser offenses of count 1. As to these convictions, the jury found true the allegations that Solis personally used a deadly weapon and personally inflicted bodily injury. The jury further found Solis guilty of first degree burglary with another person present during its commission in count 2, and not guilty of making criminal threats in count 3. Later, Solis admitted three prior strike and four prior prison term allegations.

The trial court denied Solis's *Romero*[3] motion and sentenced him to an aggregate term of 36 years to life in state prison comprised of a third strike term of 25 years to life on count 1 for mayhem, plus one year for the deadly weapon enhancement. It struck the great bodily injury enhancement. The court also designated assault with a deadly weapon as count 1, and imposed another 25-years-to-life term. The court added an additional one year on that count for the great bodily injury enhancement, then struck the deadly weapon enhancement. The court stayed the second count 1, pending completion of the term on the mayhem count. On the first degree burglary count, the court imposed and stayed another 25-years-to-life sentence. It imposed a 10-year term for two section 667, subdivision (a)(1) enhancements. The court struck the prior prison terms, and imposed various fines and fees which are not at issue in this appeal.

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

5

**I.    The Jury Improperly Convicted Solis of Two Uncharged Lesser Related Offenses Based on One Charged Offense in the Information**

Solis requests that we strike his conviction for assault with a deadly weapon and the related enhancements. He claims the jury had no discretion to convict him of two felonies where only one was charged because it violates the separation of powers doctrine, he did not agree to be convicted of two strike offenses, and the two convictions violate section 654's prohibition against successive prosecution. The Attorney General counters that there is no constitutional or statutory problem with the two lesser related convictions. This court invited the parties to brief the issue of whether the jury was statutorily authorized to convict Solis of two uncharged lesser related offenses when the information only charged a single offense. Both Solis and the Attorney General submitted briefs.

We start with this – we know of no published case that allows multiple lesser related offense convictions to stem from one charged offense.[4] We add that the parties have not directed us to one. Writing on a blank slate, we determine two lesser related offense convictions may not stem from one charged offense.

*1. Statutory Authority*

The Attorney General argues we should interpret section 1159 to allow Solis's multiple lesser related convictions. We disagree.

Section 1159 states that "[t]he jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." The Attorney General points out that section 1159 does not expressly prohibit multiple convictions of

---

[4]    We note that this issue, in the context of lesser included offenses, is currently pending before the California Supreme Court. (See, *People v. Eid*, G046129.) The California Supreme Court has indicated that case presents the issue of whether a defendant can be convicted of two separate, uncharged, lesser included offenses stemming from a single charged offense if the lesser offenses are not included in each other.

uncharged lesser offenses.  Next, while acknowledging that "any" modifies the word "offense" in the singular, she maintains that these words do not suggest the Legislature intended to limit the number of offenses that may follow from a single charged offense.  Relying upon section 7, which provides that "the singular number includes the plural and the plural the singular," she instead argues we should interpret the word "offense" in section 1159 to include "offenses."

Notwithstanding the interesting discourse on the English language set forth in her briefing, we believe that applying the general provision set out in section 7 would be inappropriate in this case.  " ' " ' "General terms should be so limited in their application as not to lead to injustice or oppression or an absurd consequence." ' " ' " (*People v. Navarro* (2007) 40 Cal.4th 668, 680 (*Navarro*).)  Although *Navarro* did not arise in the same procedural context as Solis's current case, much of *Navarro*'s reasoning may be applied to the multiple conviction issues raised here.  In *Navarro*, a jury convicted the defendant of attempted kidnapping during the commission of a carjacking, among other counts.  The Court of Appeal found the evidence was not sufficient to support the conviction.  However, the Court of Appeal concluded it had authority to modify the judgment to reflect convictions for attempted kidnapping and attempted carjacking as lesser included offenses of the greater charged offense of attempted kidnapping during the commission of a carjacking.  The court modified the judgment accordingly, then found the evidence sufficient to support the convictions on the two lesser offenses.  (*Id*. at pp. 672-675.)

The Supreme Court granted review, and thereafter addressed "the narrow question of whether an appellate court, upon finding insufficient evidence supports a conviction for one offense, may modify the judgment to reflect a conviction for two lesser included offenses." (*Navarro, supra,* 40 Cal.4th at p. 675.)  After reviewing the language and history of the statutes authorizing an appellate court to modify a judgment in a criminal action, namely sections 1181, subdivision 6, and 1260, the Supreme Court concluded the statutes do not authorize an appellate court to modify a judgment to reflect convictions for two lesser included offenses upon finding insufficient evidence of a single greater

7

offense. (*Navarro, supra*, at pp. 680-681.) The court reasoned: "It would be inappropriate to apply the general provision of section 7 that 'the singular number includes the plural' to sections 1181, subdivision 6, and 1260 . . ." so as to authorize modifying a judgment to reflect convictions for two lesser included offenses because to do so would be a " 'departure in our criminal jurisprudence' and an even more 'startling innovation.' " (*Navarro, supra*, at p. 680.)

In Solis's case, we deal with a different statute, namely section 1159, than was involved in *Navarro*. Nevertheless, we find its reasoning on point and refuse to interpret section 1159 to allow the number of convictions in a case to exceed the number of charges in the case. No case has interpreted this statute to allow convictions of multiple lesser offenses to result from one charged offense. Section 1159 allows for a conviction of one lesser included offense. In our view, the statutory scheme does not disclose any legislative intent to allow two convictions to result from one charged offense, which is what occurred in Solis's case.

### 2. *Case Law*

Nor does case law support the Attorney General's position that multiple uncharged lesser related convictions may be wrought from one charged greater offense. We turn first to the authorities governing lesser included offenses. A defendant may be convicted of an uncharged offense when it is a lesser included or lesser related offense of a charged crime. (See *People v. Reed* (2006) 38 Cal.4th 1224, 1227; *People v. Birks* (1998) 19 Cal.4th 108, 117 (*Birks*); see also § 1159.) A "lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*Birks, supra,* at p. 117.) But a defendant may not be convicted of both a greater and a lesser included offense. (*People v. Moran* (1970) 1 Cal.3d 755, 763.) In fact, a conviction on a lesser included offense is an implied acquittal of the greater offense. (See *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 71, 74-76.) As is the case with lesser related offenses, we are also unaware of any published case that allows

8

multiple lesser included offense convictions stemming from one charged offense. (*See* fn. 4, *ante*.) Again, the parties have not cited us to one.

The rules noted above do not squarely address the issue in Solis's case. Solis stands convicted of two separate, uncharged lesser related offenses stemming from the one charged greater offense of attempted premeditated murder. Neither assault with a deadly weapon nor mayhem are lesser included offenses of attempted premeditated murder. In addition, assault with a deadly weapon is not a lesser included offense of mayhem, such that we can resolve this case by determining Solis was convicted of both a greater and a lesser offense thereby allowing us to simply dismiss the lesser.[5]

We look next to the rules governing lesser related offenses. In the now-overruled case of *People v. Geiger* (1984) 35 Cal.3d 510 (*Geiger*), the California Supreme Court held that the trial court is required to instruct on lesser offenses when the defendant requests it, if the offense is closely related to the charged offense and the evidence provides a basis for finding the defendant guilty of the lesser, but innocent of the charged offense. In addition, the California Supreme Court indicated the rule barring conviction of both a greater and lesser offense holds true as to lesser related offenses. Hence, "[t]he conviction of a [lesser] related offense constitutes an acquittal of the charged offense." (*Geiger, supra*, at p. 528.)

Fourteen years later, in *Birks*, the Supreme Court reversed *Geiger*, and ruled that a defendant is not *entitled* to instructions on a lesser related offense. (*Birks, supra,* 19 Cal.4th at pp. 116-137, reversing *Geiger, supra,* 35 Cal.3d 510.) However, the court stated the following with regard to *agreements* for instructions on lesser related charges: "[O]ur decision does not foreclose the parties from agreeing that the defendant may be convicted of a lesser offense not necessarily included in the original charge." (*Birks, supra*, at p. 136, fn. 19.)

---

[5] Because there was no accusatory pleading charging either of these offenses, we need only consider if the statutory elements of the greater offense include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. (*Birks, supra,* at p. 117.) They do not; mayhem does not require the use of a deadly weapon. (*People v. Ausbie* (2004) 123 Cal.App.4th 855, 863, fn. 5.)

9

The main difference between instructing on lesser included and lesser related offenses lies in the fact that instruction on lesser included offenses is mandatory, while instructions on lesser related offenses must be agreed to by both parties. Seizing on the fact that a defendant must agree to the instruction on lesser related offenses, the Attorney General posits that a defendant impliedly agrees to the possibility of being convicted of two offenses when he agrees to instruction on two lesser related offenses. Applying that logic here, the Attorney General asserts that when Solis did not object to the court instructing on both mayhem and assault with a deadly weapon as lesser related offenses to attempted premeditated murder, he also agreed that he could be convicted of both offenses.

The Attorney General relies on *People v. Toro* (1989) 47 Cal.3d 966, 973 (*Toro*) (disapproved on other grounds in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3) to support this proposition. In *Toro*, the defendant did not object to an instruction on a lesser related offense and verdict forms were submitted to the jury on the crime. When the defendant was convicted of the lesser related offense, the Court of Appeal reversed the conviction because the lesser related offense was neither charged nor included within any of the charged offenses. The California Supreme Court reversed, and found that the lack of objection at the trial court level constituted implied consent to the jury's consideration of the lesser related offense. (*Toro, supra,* at p. 978.) We do not find *Toro* dispositive. We see a difference between impliedly consenting to being convicted of a single lesser related offense by failing to object to instructions on it and being convicted of two separate offenses stemming from one greater, especially given that common practice has never anticipated such a result.

The ramifications of allowing two convictions to stem from one are also significant. The two lesser related convictions for which Solis was convicted are each strike qualifying offenses, as mayhem is both a serious and violent felony (see, §§ 667.5, subd. (c)(2), 1192.7, subd. (c)(2)), and assault with a deadly weapon is a serious felony (§ 1192.7, subd. (c)(31)). (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) While section 654 would preclude multiple punishment for the two crimes, a defendant who suffers two

10

uncharged strike convictions from a single count, as opposed to only a single charged strike offense, faces significantly different potential consequences in future criminal prosecutions. A defendant is treated differently depending upon whether he is a second or third strike offender. The impact upon a future conviction is momentuous– a second strike offender may face a doubled sentence, while a third strike offender faces a potential life sentence. (§§ 667, subds. (e)(1) & (2); 1170.12, subds. (c)(1) & (2).) Although a sentencing court *might* be found to abuse its discretion in failing to dismiss one of two prior strike convictions when they are both based upon the same act (see *People v. Benson* (1998) 18 Cal.4th 24, 36, fn. 8 [leaving the abuse of discretion issue open]; see and compare *People v. Burgos* (2004) 117 Cal.App.4th 1209, 1214 [failure to dismiss one of two prior strikes stemming from the same act amounted to abuse of discretion] with *People v. Scott* (2009) 179 Cal.App.4th 920 [failing to dismiss one of two prior strikes stemming from the same act not an abuse of discretion]), it is not a foregone conclusion that two strikes from a single prior act will not negatively impact a defendant in future criminal proceedings.

In addition, the strike punishment consequences of Solis's multiple convictions are not our sole concern. We believe Solis had the right to know that he faced the potential of being convicted of two separate, uncharged lesser related offenses, both potential strikes, when charged with only one offense. Had Solis been so informed, he might have chosen to pursue different plea resolution avenues. It is also entirely possible Solis would not have agreed to a lesser related instruction at all if he had known he could be convicted of more than one.

Ultimately, we find the result in Solis's current case is unjust because he had no reason to expect that he could suffer two strike convictions when charged with only a single strike offense. We decline to interpret section 1159, or the relevant case law, to authorize such an unexpected outcome. Allowing only one conviction for an uncharged lesser related offense of a greater charged offense also eliminates another issue Solis has raised, namely, whether a defendant has a constitutional due process right to notice of the number of potential convictions he or she may face based on a single charged offense.

11

We conclude the jury's convictions of Solis of two distinct, uncharged lesser related offenses from a single charged greater crime was not authorized by statute or case law. Under any standard, the error was prejudicial because Solis stands wrongly convicted of two offenses based upon an information charging only one offense. We do not foreclose the possibility, however, that a defendant may explicitly agree to being convicted of two lesser related offenses in lieu of one greater offense. The advantages of being convicted of two lesser related offenses may well be more desirable for a defendant in a given situation. We simply hold that in this case, it would be unfair for the defendant to suffer these consequences since there was no such agreement, and previous case law and statutory authority never dictated this result.

This brings us to the question of remedy. In *Navarro,* the Supreme Court stated: "[W]here there are multiple lesser included offenses supported by the evidence at trial, [an appellate] court exercising its discretion to modify the judgment . . . should choose the offense with the longest prescribed prison term so as to effectuate the fact finder's apparent intent to convict the defendant of the most serious offense possible." (*Navarro, supra*, 40 Cal.4th at p. 681.) The Supreme Court remanded the case to the Court of Appeal with directions to strike its prior "two-for-one" modification to the extent it reflected a conviction for attempted kidnapping, the offense with the lesser punishment, and to remand the cause to the trial court for resentencing accordingly. (*Navarro, supra,* 40 Cal.4th at p. 681.)

We find a similar remedy appropriate in Solis's current case. We earlier acknowledged that in Solis's case, we deal with different statutes than those in *Navarro*. Nevertheless, we find *Navarro*'s "one-for-one" analysis makes equal sense here. This reasoning precludes multiple guilty verdicts on lesser related offenses stemming from one charged offense just as it did in *Navarro* to preclude modification of a judgment from one conviction into multiple convictions. We, as the Supreme Court in *Navarro*, will leave undisturbed the conviction with the longest prison term. Mayhem is punishable by two, four or eight years in state prison. (§ 204.) On the other hand, assault with a deadly weapon is punishable by two, three or four years in state prison. (§ 245, subd. (a)(1).)

12

Because mayhem has the longest prescribed prison term, we strike Solis's conviction for aggravated assault. Resentencing is not needed inasmuch as the trial court stayed imposition of sentence on the aggravated assault conviction under section 654. However, we direct the trial court to issue a new abstract of judgment which does not reflect a conviction for aggravated assault.

Having determined that the statutory law precludes Solis from suffering convictions for two uncharged lesser related offenses, we decline to reach his remaining arguments.

## II.     There Was No Error in Failing to Strike a Prior

Solis contends the trial court abused its discretion in denying his motion to dismiss two of his three strikes, two 1983 convictions for assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), under *Romero*. He argues it was an abuse of discretion to sentence on strikes he suffered roughly 30 years before he committed his attack on the victim in his current case. We disagree.

In *Romero*, the state Supreme Court ruled that the Three Strikes law did not remove a sentencing court's discretion to dismiss a defendant's prior strike or strikes to achieve a punishment in the furtherance of justice. (*Romero, supra,* 13 Cal.4th at p. 504.) In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), the court explained that a sentencing court's exercise of discretion to dismiss a prior strike is to be guided by the following standard: may the defendant, in light of his or her current crime, and his or her criminal history, background, character, and prospects, be deemed "outside the spirit" of the Three Strikes law, in whole or in part, and, hence, be treated as though he or she had not suffered the prior strike conviction. (*Id*. at p. 161.) When the factors cited in *Williams, supra,* 17 Cal.4th 148 "manifestly support the striking of a prior conviction and no reasonable minds could differ[,] the failure to strike would constitute an abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.)

We do not find an abuse of discretion in Solis's current case. Solis was convicted in the instant case of mayhem, and the jury found true two enhancements to that crime -- that he personally used a deadly and dangerous weapon, and that he inflicted great bodily

13

injury under circumstances involving domestic violence. He was also convicted of first degree burglary with a true finding on the allegation that another person was present during its commission. The facts reveal a particularly violent attack with a screwdriver. Solis stabbed Judith about 20 times, inflicting wounds to her neck, arm, chest, face and hands, including a life-threatening wound to her carotid artery. Solis suffered three prior strike convictions, two for aggravated assault in 1983, and one for first degree burglary in 1995. He suffered four convictions with a prison term prior to his attack on the victim in this case. The probation officer's report shows additional incidents involving Solis in the criminal justice system. In light of all of the circumstances, the trial court did not abuse its discretion in denying Solis's *Romero* motion. The record does not "manifestly support the striking of a prior conviction" because Solis is not a defendant who must be deemed "outside the spirit" of the Three Strikes law. On the contrary, Solis's current offense and his criminal history support sentencing under the Three Strikes law.

To the extent Solis contends his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment unless his *Romero* motion is granted, we disagree. The length of a sentence will be deemed to violate the Eighth Amendment only under a "narrow proportionality" analysis. (*Ewing v. California* (2003) 538 U.S. 11, 20.) We do not find Solis's sentence so disproportionate to his crime and his criminal history that it violates constitutional sentencing limits.

## DISPOSITION

We modify the judgment by striking Solis's conviction for assault with a deadly weapon. The judgment is affirmed as modified. The cause is remanded to the trial court to issue a new abstract of judgment in conformity with this opinion.

**CERTIFIED FOR PUBLICATION**


BIGELOW, P. J.

We concur:


RUBIN, J.          FLIER, J.

14