Filed 3/30/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067962 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD254615) |
| JAMES MICHAEL POISSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted James Michael Poisson of mayhem (Pen. Code,[1] § 203, count 1) and battery with serious bodily injury (§ 243, subd. (d), count 3).  The trial court

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

sentenced Poisson to prison for 12 years, consisting of eight years for mayhem and four years for battery with serious bodily injury. Poisson appeals, contending he could not be convicted separately of both mayhem and battery with serious bodily injury because the latter is a lesser included offense of the former.

Poisson's contention fails because battery with serious bodily injury is not a lesser included offense of mayhem. (*People v. Santana* (2013) 56 Cal.4th 999, 1005-1011 & fn. 6 (*Santana*).)

FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2014, at about 1:55 a.m., Robert Gerari was standing near his motorcycle outside of Gilly's Bar located at 2306 El Cajon Blvd. Poisson walked by Gerari and said, "nice bike," to which Gerari replied, "thank you." Poisson then struck Gerari on the side of his head and attempted to run away. In response, Gerari chased Poisson, took him to the ground, and began punching him. Witnesses soon interrupted the fight and Poisson fled on foot.

Gerari felt blood running down his face and went back to Gilly's Bar to examine his injury. When Gerari looked at his injury, he noticed that his right ear had been cut horizontally. A bartender at Gilly's then called the police. When San Diego Police Department Officer Luis Angulo arrived, Gerari provided a statement to the officer and handed him a cell phone, which Poisson had dropped on the ground during the incident.

On March 6, 2014, San Diego Harbor Police Officer David Bulthuis found Poisson walking westbound on California Street in San Diego and arrested him. Thereafter, on March 11, 2014, Poisson was charged by felony complaint with mayhem

(§ 203, count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), and battery with serious bodily injury (§ 243, subd. (d), count 3).

## DISCUSSION

Poisson contends that battery with serious bodily injury is a lesser included offense of mayhem because it is impossible to commit mayhem without also committing battery with serious bodily injury. We disagree.

Generally, a defendant may be convicted of multiple offenses based on the same act or a single course of conduct. (§ 954; *People v. Ortega* (1998) 19 Cal.4th 686, 692; *People v. Reed* (2006) 38 Cal.4th 1224, 1226.) However, "California law prohibits convicting a defendant of two offenses arising from a single criminal act when one is a lesser offense necessarily included in the other." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1033.) "In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether ' " 'all the legal ingredients of the corpus delicti of the lesser offense are included in the elements of the greater offense.' [Citation.]" ' In other words, 'if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Id*. at p. 1034, quoting *People v. Lopez* (1998) 19 Cal.4th 282, 288.)

Section 203 defines simple mayhem: "Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem." In *Santana*, *supra*, 56 Cal.4th 999, our high court addressed whether it was proper for the trial court to instruct the jury with CALCRIM No. 801

3

(mayhem), which, then, required the prosecution to prove the defendant had caused the victim "serious bodily injury."[2]  Noting that mayhem, as defined in section 203, includes among the acts constituting mayhem, cutting or disabling the tongue and slitting the nose, ear or lip, the Supreme Court stated:  "Nothing suggests that these injuries must involve protracted loss or impairment of function, require extensive suturing, or amount to serious disfigurement." [3]  (*Santana, supra,* at p. 1010.)  The court stated that the examples are "merely illustrative and do not constitute serious bodily injuries as a matter of law," and that it was error "to superimpose a wholesale definition of 'serious bodily injury' from [felony battery on the mayhem] instruction."  (*Ibid*.)

Poisson argues that *Santana* is distinguishable from the instant matter.  He asserts that *Santana* only addressed whether the jury instruction for mayhem should include a serious bodily injury component.  However, Poisson's argument ignores the court's conclusion in *Santana* that proof of serious bodily injury is not required for a conviction of mayhem.  (*Santana, supra*, 56 Cal.4th at p. 1011.)  In other words, battery with serious bodily injury is not a lesser included offense of mayhem.

---

[2]    CALCRIM No. 801, which has since been amended, provided in part:  "To prove that the defendant is guilty of mayhem, the People must prove that the defendant caused serious bodily injury when (he/she) unlawfully and maliciously:  [¶] [1. Removed a part of someone's body (;/.)] [¶] [OR] [¶] [2. Disabled or made useless a part of someone's body and the disability was more than slight or temporary (;/.)]. . . ."  Serious bodily injury has since been removed from this instruction.

[3]    For purposes of battery, section 243, subdivision (f)(4) defines serious bodily injury as "a serious impairment of physical condition, including, but not limited to, the following:  loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

The flaw in Poisson's contention is further illuminated by the cases on which he relies. For example, he relies on *People v. Ausbie* (2004) 123 Cal.App.4th 855 (*Ausbie*) to support his position, but that case preceded the Supreme Court's opinion in *Santana*. In fact, our high court explicitly disapproved *Ausbie* and stated, "the *Ausbie* court did not hold that serious bodily injury is a separate element of mayhem." (*Santana*, *supra*, 56 Cal.4th at p. 1011.)

Similarly, we are unpersuaded by Poisson's reliance on *People v. Quintero* (2006) 135 Cal.App.4th 1152. In that case, the Court of Appeal's conclusion that battery with serious bodily injury is a lesser included offense of simple mayhem was based on "the People's concession" as well as the court's reliance on *Ausbie*, *supra*, 123 Cal.App.4th 855. (*Quintero*, *supra*, 135 Cal.App.4th at p. 1168.)

Finally, Poisson's contention that mayhem cannot be committed without the infliction of great bodily injury does not support his position here. (See *People v. Brown* (2001) 91 Cal.App.4th 256, 272.) He implies that the terms, great bodily injury and serious bodily injury, should be used interchangeably. However, our high court rejected a similar argument seeking to bootstrap a serious bodily injury element to mayhem by equating serious bodily injury with great bodily injury. (See *Santana, supra*, 56 Cal.4th at p. 1009 ["[W]e cannot conclude that the offense of mayhem includes a serious bodily injury requirement simply based on cases holding that mayhem includes a great bodily injury component."].) Poisson offers no compelling argument that we should disregard this portion of *Santana*.

In short, none of the cases on which Poisson relies leads us to conclude that battery with serious bodily injury is a lesser included offense of mayhem. In essence, Poisson is asking us to ignore *Santana*, *supra*, 56 Cal.4th 999. This we cannot do. (See *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455.) Because *Santana* makes clear that serious bodily injury is not an element required to be proven for the crime of simple mayhem, the offense of battery with serious bodily injury is not a lesser included offense of mayhem. There was no error below.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

6