Filed 4/18/22  P. v. Haynes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C093343 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F00697) |
| v. | |
| LELAND ERVIN HAYNES, | |
| Defendant and Appellant. | |

In 2002, defendant Leland Ervin Haynes was sentenced to two consecutive indeterminate terms of 15 years to life, and two concurrent terms of six years for crimes involving lewd acts and sexual assaults on a child.  Effective January 1, 2019, the Legislature amended Penal Code section 1170.91 (statutory section citations that follow are to the Penal Code) to provide that individuals sentenced prior to January 1, 2015, are eligible for resentencing if they are or were members of the military and they suffered trauma as a result of that service that was not considered as a factor in mitigation when

1

imposing a term under subdivision (b) of section 1170.  Defendant appeals the trial court's denial of his petition for resentencing on the basis that the trial court erred in finding defendant was not eligible for resentencing and that his petition was moot.

Finding defendant's petition is indeed moot, we dismiss the appeal.

## FACTS AND HISTORY OF THE PROCEEDINGS

In August 2001, defendant was charged with two counts of lewd acts with a child under the age of 14 by the use of force or duress (§ 288, subd. (b)(1)—counts one & two), two counts of sexual assault on a child under the age of 14 by penetration by a foreign object by use of force or duress (§ 269, subd. (a)(5)—counts three & four), and two counts of aggravated sexual assault on a child under the age of 14 (§ 269, subd. (a)(1)—counts five & six).

Following a 12-day jury trial, defendant was found guilty in June 2002 of two counts of lewd acts with a child under the age of 14 by use of force or duress and two counts of sexual assault on a child under the age of 14 by penetration by a foreign object by use of force or duress, as charged in counts one through four.  A mistrial was declared as to counts five and six, the two counts of aggravated sexual assault on a child under the age of 14.

The trial court sentenced defendant to two consecutive terms of 15 years to life with the possibility of parole for his two convictions of sexual assault on a child.  The trial court sentenced defendant to two concurrent terms of six years for his two convictions of lewd and lascivious acts with a child.

Effective in 2015, the Legislature added section 1170.91, which in subdivision (a) provides in part:  "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the

2

circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170. . . .ʺ (Stats. 2014, ch. 163, § 2.)

Effective January 1, 2019, the Legislature amended section 1170.91 to add subdivision (b), which provides that a person otherwise eligible under subdivision (a) who is currently serving a sentence, whether by trial or plea, may request resentencing if sentenced prior to January 1, 2015, and if "[t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing." (Stats. 2018, ch. 523, § 1.)

Defendant petitioned for resentencing under section 1170.91, arguing the court should consider his military service in determining whether to impose the mitigated term for the concurrent terms for the two counts of lewd and lascivious acts. Defendant acknowledged section 1170.91 does not apply to his two 15-year-to-life indeterminate sentences as they were not imposed under subdivision (b) of section 1170. The trial court denied the petition on the basis that defendant was sentenced pursuant to section 1170.1, not section 1170, subdivision (b), and that defendant's challenge was moot because defendant is not eligible for probation.

## DISCUSSION

Defendant argues the trial court erred in finding the concurrent terms were not imposed pursuant to section 1170, subdivision (b). Defendant also argues this matter is not moot because eligibility for probation is not a prerequisite to section 1170.91 relief. The People argue that even if defendant is otherwise eligible for section 1170.91 relief, his petition is moot because he has already served more than six years, consequently the reduction of his six-year concurrent terms would not serve any effectual relief.

" 'As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions " ' " 'upon moot questions or

3

abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " ' " (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321, quoting *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) An issue " ' "becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." ' " (*Gregerson*, at p. 321, quoting *Rish*, at p. 1380.) "A court may decide a moot case under recognized exceptional situations, but the court acts as a matter of judicial discretion, and not through any compulsion or direction by the parties. [Citation.]" (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.) We review a defendant's entitlement to resentencing de novo. (*People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 237.)

"A concurrent term begins when it is imposed and runs together with the other terms, with the latest expiring term controlling. [Citations.]" (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3, overruled on other grounds in *People v. Poisson* (2016) 246 Cal.App.4th 121.) Thus, a concurrent term is not postponed until the completion of a prior term. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1182, fn. 3.)

We agree with the People that defendant's petition is moot as he seeks a reduction of his six-year concurrent terms, despite having already served over 18 years in prison. Any reduction in his six-year terms would have no practical effect, and defendant has not demonstrated that his petition fits within one of the recognized exceptional situations. While we find the petition is moot for reasons different than those relied upon by the trial court, a ruling correct in law will not be disturbed merely because given for a wrong reason. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

Defendant argues that courts routinely remand determinate terms for resentencing even though it would have no practical effect because it leaves indeterminate life terms unaffected. In support of this argument, defendant cites *People v. Boyce* (2014) 59 Cal.4th 672, in which the defendant was sentenced to death and to 34 years

4

determinate.  (*Id.* at p. 679.)  Our Supreme Court found error, and modified the judgment to reduce the defendant's determinate sentence to 24 years four months.  (*Id.* at p. 730.)

In *Boyce*, the defendant had not already served his determinate term when seeking to have it reduced.  Thus, while here, as in *Boyce*, a defendant's life sentence does not automatically bar relief from sentencing errors in separate determinate terms, this rule does not alter the fact that defendant has already served his determinate terms.  We find the remaining cases defendant cites in his reply brief to be similarly inapplicable to defendant's present circumstances.

DISPOSITION

The appeal is dismissed as moot.

 

 

_____

        HULL, J.

 

 

We concur:

 

 

_____

BLEASE, Acting P. J.

 

 

_____

RENNER, J.