Filed 2/6/23 P. v. Zunzachan CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROGER ALBERTO ZUNZACHAN,<br><br>Defendant and Appellant. | G061163<br><br>(Super. Ct. No. 20CF1558)<br><br>MODIFICATION OF OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed in the above-entitled matter on January 31, 2023, is hereby MODIFIED to reflect the Orange County Superior Court correct case number.

This modification does not change the judgment.


DELANEY, J.

WE CONCUR:



MOORE, ACTING P. J.



MOTOIKE, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROGER ALBERTO ZUNZACHAN,<br><br>    Defendant and Appellant. | G061163<br><br>(Super. Ct. No. 20CF1158)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

\*            \*            \*

Roger Alberto Zunzachan appeals from a life sentence following his conviction for, among others, aggravated mayhem. He contends the aggravated mayhem conviction must be reversed because there was insufficient evidence to support the jury's implied finding he acted with the specific intent to cause a maiming injury. As discussed below, we conclude substantial evidence supported the jury's finding because the evidence showed the attack was not an indiscriminate explosion of violence, but a targeted, controlled attack. Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On the evening of March 31, 2020, Jose R. was driving with his three-year-old son in the backseat when he observed appellant's truck weaving erratically through traffic. Because other vehicles began avoiding the truck, Jose ended up directly behind it. When the truck stopped at an intersection and did not move after the light changed to green, Jose honked his horn several times. The truck moved forward slowly before stopping in the middle of the intersection. Appellant then exited the truck and unsteadily approached Jose, holding a black folding knife in his left hand.

Jose attempted to roll up his car window, but appellant stuck his arm inside, causing the window to roll down. After cursing at Jose, appellant repeatedly slashed at his face. Jose described appellant's actions as "throwing random knife hooks." When Jose tried to grab the knife, appellant sliced his right hand. Jose also attempted to protect himself with his left hand, but suffered injuries to his triceps, forearm and wrist. Finally, Jose was able to force the car door open, causing appellant to fall. Appellant then fled the scene in his truck.

Appellant inflicted eight lacerations, including Jose's right eyebrow, left cheek and across the top of his nose. The cuts caused Jose's eyebrow to hang over his eye, and his cheek was sliced in two. Jose received multiple stitches for his arm and

2

facial lacerations. He also had surgery to reconstruct his right hand. The injuries resulted in permanent scarring to his face, and persistent pain and nerve damage to his hand.

In November 2021, a jury convicted appellant of aggravated mayhem (Pen. Code, § 245, subd. (a)(1)), assault with a deadly weapon (Pen. Code, § 205), reckless evasion of officers (Veh. Code, § 2800.2), and resisting arrest (Pen. Code, § 148). As to the aggravated mayhem count, the jury also found true a deadly weapon enhancement (Pen. Code, § 12022, subd. (b)(1)), and as to the assault count, it found true a great bodily injury enhancement (Pen. Code, § 12022.7, subd. (a)). The trial court sentenced appellant to an aggregate term of eight years to life for his crimes.

## II

### DISCUSSION

The jury convicted appellant of aggravated mayhem, which requires a finding that appellant harbored "'the specific intent to cause a maiming injury.'" (*People v. Manibusan* (2013) 58 Cal.4th 40, 86 9) (*Manibusan*).) Appellant contends the evidence was insufficient to support the jury's implied finding he had the requisite specific intent. "An appellate court called upon to review the sufficiency of the evidence supporting a judgment of conviction of a criminal offense must, after a review of the whole record, determine whether the evidence is such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. [Citations.] The standard of appellate review is the same in cases in which the People rely primarily on circumstantial evidence. [Citation.] Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not

3

warrant a reversal of the judgment."' [Citations.]" (*People v. Bean* (1988) 46 Cal.3d 919, 932-933.)

"A jury may infer a defendant's specific intent from the circumstances attending the act, the manner in which it is done, and the means used, among other factors." (*People v. Ferrell* (1990) 218 Cal.App.3d 828, 834.) "Evidence which shows no more than an 'indiscriminate attack' is insufficient to prove the specific intent to commit mayhem." (*Id.* at p. 835.) "Furthermore, specific intent to maim may not be inferred solely from evidence that the injury inflicted actually constitutes mayhem; instead, there must be other facts and circumstances which support an inference of intent to maim rather than to attack indiscriminately." (*Ibid*.)

Here, appellant used a knife, which "is far more likely to inflict a maiming injury" than fists. (See *People v. Park* (2003) 112 Cal.App.4th 61, 71 (*Park*) ["defendant's deliberate choice of a steel weapon in lieu of 'fists-de-cuff' is further evidence he had the specific intent to maim"].) He also swung the knife rather than just stabbed or jabbed with it. (See *id.* at p. 69 ["He attacked using the steel knife sharpener in a throwing motion by bringing the weapon from behind his head and over his shoulder. This action gave his blows more force and therefore gave him a greater ability to inflict serious injury than if he had simply held the sharpener in front of him and tried to jab or stab [the victim]"].) Finally, the attack was focused on Jose's head. (See *Manibusan*, *supra*, 58 Cal.4th at p. 88 [concluding that attack on the head, "which is a particularly vulnerable part of the body," "can support an inference of an intent to cause permanent disability or disfigurement"].) Except for defensive wounds to Jose's arm and hand, all the knife wounds were to his face, including his eyebrow, left cheek and top of his nose. (See *Park*, *supra*, 112 Cal.App.4th at p. 69 ["defendant aimed at an extremely vulnerable portion of [the victim's] body: his head. When [the victim] tried to defend himself by holding his arm in front of his face, defendant did not strike other portions of [the victim's] body but instead first hit [the victim's] arm several times to break through this

4

defense and then hit [him] in the mouth. Defendant's limiting the scope of his attack to [the victim's] head shows this was not an indiscriminate attack but instead was an attack guided by the specific intent of inflicting serious injury upon [the victim's] head"].) In sum, the record supports the jury's implied finding that appellant attacked Jose with the specific intent to cause a maiming injury. (See *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1163, disapproved on other grounds by *People v. Poisson* (2016) 246 Cal.App.4th 121, 125 [concluding sufficient evidence supported jury's implied finding of specific intent to maim where defendant "focused his initial attack on a particularly vulnerable portion of [the victim's] body, his head, using deliberate uppercut motions to slash his face many times with a retractable bladed knife," and the only other injuries were "caused by [the victim's] attempts to protect and cover his face"].)

Appellant notes that Jose believed appellant might have been under the influence based on his unsteady approach to Jose's car and that Jose testified the knife swings appeared "random." "Random" attacks to different parts of the face, however, can support the finding of specific intent to maim because the attacks show a sufficient degree of targeting or control. The evidence here showed all of the knife wounds, except for the defensive wounds, were to the face. There was no evidence the knife attacks were directed at Jose's shoulder or torso. Nor was there any evidence that the knife attacks hit the headrest or car seat, showing perhaps a lack of control. As for appellant's possible intoxication, it would be speculative to infer he was intoxicated just because of an unsteady walk. For example, there was no evidence appellant slurred his speech or made nonsensical statements. More important, there is no evidence that any intoxication affected appellant's actual formation of the specific intent to maim. In sum, substantial evidence supported the jury's implied finding that appellant acted with the specific intent to cause a maiming injury when he attacked Jose with the knife.

5

## III

### DISPOSITION

The judgment is affirmed.

_____
DELANEY, J.

WE CONCUR:


_____
MOORE, ACTING P.J.


_____
MOTOIKE, J.