Filed 1/20/26  P. v. Nunez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337999 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA157915) |
| v. | |
| PEDRO NUNEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed as modified and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Pedro Nunez[1] (defendant) was convicted of first degree murder (count 2) and unlawful possession of a firearm by a felon (count 5). The jury also found true that defendant personally used a firearm during the commission of the offense. The trial court sentenced defendant to 50 years to life pursuant to the "Three Strikes" law in count 2 and the midterm of four years for the firearm enhancement. The court sentenced defendant to one-third the midterm in count 5, which was ordered to run concurrent with the sentence in count 2. On appeal, defendant contends the trial court abused its discretion by denying his requests to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and/or dismiss the firearm enhancement pursuant to Penal Code section 1385, subdivision (c). He also alleges an error in the sentence as pronounced and the abstract of judgment. We affirm and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

### Statement of the case

Defendant was charged by information with first degree murder (Pen. Code,[2] § 187, subd. (a); count 2) and unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 5). The People also alleged defendant personally used a firearm during the commission of the murder in violation of section 12022.5, subdivision (a). Finally, the People alleged defendant

---

[1] The record shows defendant is also known as Pedro Nunez Valverde.

[2] Unless otherwise designated, all further statutory references are to the Penal Code.

had a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subd. (b)), stemming from a 2021 conviction for assault with a firearm (§ 245, subd. (a)(2)), along with several aggravating factors as set forth in the California Rules of Court,[3] rule 4.421(a). The jury convicted defendant as charged. In bifurcated proceedings the trial court found true the 2021 prior strike conviction.

Ahead of sentencing, the People filed a sentencing memorandum asking the court to sentence defendant to 60 years to life, consisting of 25 years to life on count 2, doubled pursuant to the Three Strikes law plus the high term of 10 years for the firearm enhancement. Defendant filed a sentencing brief seeking dismissal of his prior strike conviction and the firearm enhancement.

The court denied defendant's requests to dismiss the strike and the firearm enhancement and sentenced defendant to an aggregate term of 54 years to life consisting of the statutory minimum of 25 years to life for count 2, doubled to 50 years to life pursuant to the Three Strikes law, and the midterm of four years for the firearm enhancement. The court also sentenced defendant to one-third of the midterm—eight months—on count 5, which was ordered to run concurrent to the sentence in count 2.

Defendant timely appealed.

**Statement of facts**

On March 31, 2022, at approximately 9:17 p.m., Los Angeles County Sheriff's Department (LASD) deputies responded

---

[3] Unless otherwise designated, all further court rule references are to the California Rules of Court.

to a shooting outside a Circle K convenience store located at California Avenue and Imperial Highway in Lynwood. Abraham Diaz was found with a gunshot wound on the porch of a nearby building. He was transported to the hospital where he later died of a single gunshot to his torso.

A fired bullet and spent shell casing from a semiautomatic handgun were recovered at the scene. Surveillance cameras captured two men approaching Diaz, and one of them shooting him before both men fled. LASD gang Detective Carolina Roman identified defendant as one of the two suspects seen on the video footage. Both were members of a tagging crew known as AMC (Always Money Chasing or Another Murder Case).

Cell phone records showed defendant's phone was using cell phone towers on Imperial Highway around the time of the shooting. Defendant lived approximately one-half mile from the shooting location.

Defendant was arrested on July 20, 2022. During a *Perkins*[4] operation, defendant made incriminating statements to an undercover informant placed in his cell. Defendant admitted he and his "homie" encountered Diaz and "banged on" him. When Diaz said he was from the Rude Boys, one of AMC's rivals, defendant shot him once from "[p]oint blank range." Defendant admitted he shot Diaz because Diaz said "the wrong thing."

The defense presented no evidence.

---

[4] The term "*Perkins* operation" derives its name from *Illinois v. Perkins* (1990) 496 U.S. 292 and takes place by enlisting undercover agents to elicit incriminating statements from a suspect during the precharging stage of an investigation.

## DISCUSSION

**I. It was not an abuse of discretion to decline to dismiss defendant's prior strike conviction or the firearm enhancement**

### A. *Relevant facts*

The People filed a sentencing memorandum asking the court to sentence defendant to 60 years to life. Defendant filed a sentencing brief asking the trial court to dismiss his prior strike conviction pursuant to section 1385 and *Romero, supra*, 13 Cal.5th 497 and the firearm enhancement pursuant to section 1385, subdivision (c)[5] and instead impose the mandatory minimum sentence of 25 years to life. Defendant also filed his school discipline records, which included many entries from seventh and eighth grade for poor academic performance; truancy; and disruptive, disrespectful, and, on one occasion, violent behavior in class.

A court trial was held on the matter of defendant's alleged prior strike conviction from 2021, for assault with a firearm (§ 245, subd. (a)(2)). Defendant had been sentenced to probation in that matter and was serving that probationary term at the time he committed the instant offense. The court found the prior strike conviction true.

At sentencing, the People acknowledged defendant's age was a mitigating factor. Defense counsel noted there was "no

---

[5] At sentencing counsel asserted section 1385, subdivision (c)(2)(B) and (C) applied as mitigating factors—that is, multiple enhancements alleged in one case and "application of an enhancement could result in a sentence of over 20 years," respectively. As discussed *post*, on appeal, defendant only asserts section 1385, subdivision (c)(2)(C) is applicable.

5

excuse" for what defendant had done but argued defendant's age of 20 years old resulted in impulsivity that made the circumstances of instant offense "not through his fault." Counsel discussed section 1385, subdivision (c) and how, "if [the court] find[s] one thing in mitigation, that should lean heavily into the court dismissing the enhancements." He argued, no matter what the court decided, defendant was going to receive a mandatory indeterminate term and, therefore, they were "just playing numbers games" as to whether it would be 25 or 60 years.

The court noted defendant was "a very young man," but reiterated the inexplicable and "inhumane" nature of defendant's actions; the murder occurred "without any warning" and it appeared "there was no provocation to pull out a gun and shoot somebody."

The court recounted defendant's actions during the offense which led to his 2021 strike conviction. Specifically, defendant "approache[d] a neighbor because allegedly there was some noise people were making . . . and he pulls out . . . a sawed-off shotgun and threatens them in some manner." The court reiterated the "dangerous" nature of a person who would do such a thing to their neighbors.

After "looking at the entirety of the picture," the court denied defendant's request to dismiss the prior strike because it did not believe "it would be in the interest of justice" to do so. For the same reasons, the court declined to use its discretion to dismiss the firearm enhancement and imposed the mid-term of four years.

**B.** *Prior strike conviction*

We conclude the trial court did not abuse its discretion in declining to dismiss defendant's prior strike pursuant to section

6

1385, subdivision (a), and *Romero, supra*, 13 Cal.4th 497. In determining whether to dismiss defendant's prior strike conviction, the court was required to "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, . . . defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Defendant alleges the trial court failed to consider defendant's "young age at the time of the prior strike" (18 years old) and "lack of a criminal record" when denying his motion to dismiss his prior strike conviction. We disagree. The trial court expressly stated it was taking into account "the entirety of the picture" which included "all those things" the court and the parties had just discussed, including defendant's age at the time of both the current and instant offenses, the recency and violent nature of his strike conviction two years earlier, as well as his probationary status at the time and "inhumane" nature of the instant offense.

Where, as here, "the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), we will affirm its ruling.

**C.**    ***Firearm enhancement***

Defendant contends the trial court abused its discretion in declining to dismiss the personal use of a firearm enhancement (§ 12022.5, subd. (a)) under the provisions of section 1385, subdivision (c). Specifically, he argues the court did not make a

7

finding that dismissal would endanger public safety, and "there was no substantial credible evidence of countervailing factors upon which to conclude that dismissal was not in the furtherance of justice" especially where "imposition of the gun enhancement resulted in a sentence of over 20 years."  We disagree.

We review a trial court's decision whether to dismiss or strike an enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.'" (*Ibid.*)

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to add subdivision (c).  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723.)  As amended, "[s]ection 1385, subdivision (c)(1) . . . provides that '[n]otwithstanding any other law, the court *shall dismiss an enhancement if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute.'  (Italics added.)  Section 1385, subdivision (c)(2) provides in pertinent part, '*In exercising its discretion under this subdivision*, the court shall consider and *afford great weight* to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

Defendant contends the enumerated mitigating factor relevant here is whether "application of an enhancement could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)). According to defendant, because his sentence was over 20 years, section 1385, subdivision (c)(2)(C) mandated dismissal. It did not.

"[D]efendant's interpretation is at odds with the clear text of the statute." (*People v. Torres* (2025) 113 Cal.App.5th 88, 93.) Subdivision (c)(2)(C) of section 1385 applies only when a sentence of over 20 years could result *because of the application* of the enhancement. (See *Torres*, at p. 93 [holding that subd. (c)(2)(C) of § 1385 did not apply where the defendant was sentenced to 25 years to life for first degree murder, because "the sentence already exceeded 20 years without any enhancement"].) The trial court could not have imposed a lesser sentence for the first degree murder than it did—25 years to life. (See § 190, subd. (a).) Given that sentence, the *application* of the four-year firearm use enhancement could not have *resulted* in a sentence of over 20 years; thus, subdivision (c)(2)(C) of section 1385 did not weigh in favor of dismissal. Furthermore, because, as defendant concedes, no other mitigating factors apply, section 1385, subdivision (c)(2) is not applicable to defendant's sentencing. Therefore the court's failure to find dismissal "would endanger public safety" is irrelevant.

Moreover, the court did not abuse its discretion in declining to dismiss the firearm enhancement or in electing to impose the midterm. "'Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules.'" (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765, quoting *People v. Parra*

*Martinez* (2022) 78 Cal.App.5th 317, 322; see rule 4.409 [sentencing factors "will be deemed to have been considered unless the record affirmatively reflects otherwise"].) Here, inter alia, the trial court, when deciding not to strike the firearm enhancement, considered defendant's prior record, the circumstances of the instant offense, and his "very young" age. There is nothing in the record to demonstrate the court was unaware of its discretion, applied an incorrect legal standard, or failed to consider any relevant factors in sentencing defendant for the firearm enhancement. (*Nazir, supra*, 79 Cal.App.5th at p. 490.)

## II. Sentencing for count 5

During sentencing, the court originally announced its intention to sentence defendant to one-third the midterm on count 5, which it intended to run consecutive, for a total of "54 years eight months to life." It seems defense counsel asked the court to instead use its discretion to run count 5 concurrently. At that time, the court changed its pronouncement and elected to run the sentence in count 5 concurrent; making the sentence "54 years to life." In doing so, however, the court did not change the sentence to the full midterm, rather than one-third the midterm. The abstract of judgment reflects the sentence in count 5 as originally handed down by the court—one-third the midterm to run consecutive to the sentence in count 2. Nowhere in the record did the court discuss the application of the Three Strikes law to defendant's sentence on count 5.

The parties agree the abstract of judgment must be amended to reflect a concurrent sentence on count 5. The parties also agree the trial court erred in imposing one-third the midterm on the concurrent sentence in count 5. We agree.

10

The application of the Three Strikes law to count 5 was not discussed by the parties.  We will do so here.  "'The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence'" and not to terms ordered to run concurrent.  (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197.)  Thus, the trial court erred by imposing a *concurrent* term for count 5 but using the calculation formula reserved for *consecutive* subordinate terms pursuant to section 1170.1.  (See *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 [concurrent terms are not subject to the subordinate term computation under § 1170.1 and are imposed at the full base term], overruled on other grounds in *People v. Poisson* (2016) 246 Cal.App.4th 121, 125.)

The court clearly intended the sentence in count 5 to run concurrent to the sentence imposed in count 2.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [the judgment is the oral pronouncement of sentence by the court; the abstract of judgment is not the judgment].)  Thus, the sentence in count 5 based on the court's selection of the midterm should have been two years.  (§ 1170, subd. (h)(1) [where no term is specified in the underlying offense, here § 29800, it "shall be punishable by a term of imprisonment . . . for 16 months, or two or three years"].)  The two years should then be doubled pursuant to the Three Strikes law (§ 667, subd. (e)(1) [where defendant has one proven prior strike conviction, "the determinate term . . . *shall* be twice the term otherwise provided" (italics added)]) for a total of four years on count 5.  Because the record clearly reflects the trial court's intention, we exercise our inherent authority to correct the unauthorized sentence by modifying the sentence for count 5.  (*People v. Relkin, supra*, 6 Cal.App.5th at p. 1198; see § 1260.)

## DISPOSITION

We hereby modify the judgment to impose a sentence of four years on count 5 to run concurrent to the sentence imposed in count 2. The trial court is directed to prepare an amended abstract of judgment reflecting the corrected sentence and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


CHAVEZ, J.

We concur:


LUI, P. J.


RICHARDSON, J.